### STATE of Indiana on the relation of Cynthia Jean WERTHMAN, Relatrix,

v.

### The SUPERIOR COURT OF MARION COUNTY, Civil Division, Room No. 5, and the Honorable Michael T. Dugan, as Judge thereof, Respondents.

### No. 982S371.

Supreme Court of Indiana.

May 13, 1983.

Leonidas G. Condos, Condos & Burns, Indianapolis, for relatrix.

Roy Spilker, Byrum, Gagnon, Diehl & Stippler, Indianapolis, for respondents.

## ORIGINAL ACTION

PIVARNIK, Justice.

This is an original action by which relatrix, Cynthia Jean Werthman, sought a writ of mandamus ordering the respondents, Marion Superior Court and the Honorable Michael T. Dugan, a judge thereof, to dissolve a restraining order restricting her visitation rights with her children. The writ

was denied on September 27, 1982, and this opinion is in further explanation of that denial.

On November 3, 1981, Judge Michael Dugan, regular Judge of Room 5 of the Marion County Superior Court, entered a final decree of dissolution of the marriage of Relatrix, Cynthia Jean Werthman, and Mark Charles Werthman. A pertinent provision of the dissolution decree gave custody of the children to Mark Charles Werthman and provided that Relatrix was to have reasonable rights of visitation with the parties' minor children including every other weekend from 6:00 p.m., Friday to 6:00 p.m., Sunday, with alternating holidays and four weeks visitation during the summer and at all other times agreed to by the parties. The decree also stated that the children could not be removed from Marion County by Relatrix without prior approval of the court. On June 17, 1982, the father filed a verified petition for modification and request for emergency restraining order without notice. The following day Judge Dugan entered an order requiring the parties to appear before the court on the 19th of July, 1982, at 3:30 p.m., at which time the court would hear evidence regarding the issues raised by the father's petition. Judge Dugan then entered the restraining order by which the Relatrix was restrained from visiting with the children of the parties outside the father's home, particularly providing that any visitation would not include overnight privileges. The Relatrix would be allowed to visit with the children on either Saturday or Sunday on alternating weekends at the father's home, pending the hearing on July 19, 1982.

The parties appeared on July 19, 1982, at the appointed time but the Respondent court's calendar was too crowded and Judge Dugan advised them he would have to reset the hearing for a later date. Judge Dugan also ordered the parties to be interviewed by the Domestic Relations Counseling Bureau to aid the Respondent court in making a decision on the petition for modification. The hearing on the petition for modification of visitation was later set for September 3, 1982, and again reset for October 7, 1982.

On August 11, 1982, the Domestic Relations Counseling Bureau issued a written report to the trial court which appeared to raise several questions about the stability of Relatrix's life style and her lack of judgment in dealing with her children. Earlier, on August 2, 1982, Relatrix had filed a request with the trial court to dissolve the restraining order or in the alternative set an immediate hearing. The husband filed an objection to this motion. It is the position of Relatrix that from the time of June 18, 1982, the restraining order has denied her visitation with her children accorded to her in the original decree, except for the very limited visitation in the home of the husband and has effectively denied her her right to the four weeks visitation during the summer. The Relatrix argues that because of the Respondent Court's delay in reaching the merits of the petition to modify from which the restraining order arose, the Respondent is duty bound to dissolve the restraining order. Relatrix expressed her contention as follows: "By failing to hold a hearing in a timely manner or in the alternative dissolve the restraining order after more than ten (10) days had expired, the trial court failed to act upon a clear duty imposed by law." She then petitioned this Court to issue a writ of mandamus to the Respondent ordering him to dissolve the restraining order issued on the 18th day of June, 1982.

■ Relatrix concedes that the legislature has established that writs of mandate may be issued by this Court in order to compel a lower court to perform a clear duty imposed by law. Ind.Code § 34–1–58–1 (Burns 1973). She also concedes that this Court has found that the duty must be absolute and imperative and not dependent on the exercise of discretion or judicial determination. *State ex rel. Bicanic v. Lake Circuit Court,* (1973) 260 Ind. 73, 77, 292 N.E.2d 596, 599; *State ex rel. Cassel v. Johnston,* (1932) 204 Ind. 563, 570, 185 N.E. 278, 281. As Respondent further points out, original actions are viewed with extreme disfavor by this Court and are not intended to be used to circumvent the normal appellate process. *State ex rel. Shelby-*

*ville Newspapers, Inc. v. Shelby Superior Court,* (1979) Ind., 396 N.E.2d 337, 339; *State ex rel. Janesville Auto Transport Co., v. Superior Court of Porter Co.,* (1979) 270 Ind. 585, 387 N.E.2d 1330, 1332; Ind.R.O.A. 2(C). A writ of mandamus is an extraordinary remedy and will apply only where the lower court has failed to act in face of a clear legal duty. *State ex rel. Marcrum v. Marion County Superior Court,* (1980) Ind., 403 N.E.2d 806, 811.

Relatrix's contention that the trial court had a clear legal duty to act by dissolving the restraining order is based on an interpretation of Ind.R.Tr.P. 65(B). Rule 65(B) provides for the issuance by a trial court of a temporary restraining order without notice, and by its terms provides that a temporary restraining order shall expire within such time after entry, not to exceed ten (10) days, unless: the time so fixed in the order for good cause shown is extended for a like period; or the whereabouts of the party against whom the order is granted is unknown and cannot be determined by reasonable diligence; or unless the party against whom the order is directed consents that it may be extended for a longer period. Rule 65(B) further provides that in case a temporary restraining order is granted without notice, the motion for preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence over all matters except older matters of the same character. When the motion comes on for hearing, the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and if the party does not do so, the court shall dissolve the temporary restraining order. The last paragraph of 65(B), however, reads:

"... [T]he above restrictions as to issuance of temporary restraining orders without notice shall not apply to divorce actions. In all divorce actions and limited divorce actions a temporary restraining order without notice may be granted by the court upon affidavit of the complaining party as to the necessity therefor, and hearing upon said restraining order shall

be heard at the earliest convenience of the court."

Relatrix contends the exception regarding restraining orders in divorce actions provided for in the final paragraph of Rule 65(B) applies only to restraining orders issued during the course of the pending action for dissolution of marriage and is not meant to apply to restraining orders issued following the final divorce decree, such as the one in the case before us. For support, Relatrix refers us to the 1973 dissolution of marriage sections in the Indiana Code and specifically to Ind.Code § 31–1–11.5–7 (Burns Supp.1982). § 31–1–11.5–7 particularly concerns itself with temporary maintenance, temporary support or custody, and temporary restraining orders, and refers to orders made by the trial court following the filing of a dissolution action are to be in effect until a final decree can be entered. Relatrix argues that since the dissolution of marriage act does not provide for restraining orders after a final decree has been issued, then the final paragraph of Rule 65(B) is to be interpreted to refer to restraining orders issued only during the course of the dissolution action and since the restraining order issued by Respondent court was issued after the final decree of November, 1981, the general provisions of Rule 65 apply.

We disagree with the Relatrix's interpretation of Rule 65(B). The exception in 65(B) does not refer to any particular section of the dissolution of marriage act but generally provides that in all divorce actions and limited divorce actions a restraining order without notice may be granted by the court upon affidavit of the complaining party and a hearing upon the restraining order shall be heard at the earliest convenience of the court. Indiana courts are deemed to have continuing jurisdiction, during the minority of the children, to make from time to time such orders and modifications thereof, with respect to their care, custody, and control, as are deemed to be in the best interests of the children. *State ex rel. Gregory v. Superior Court of Marion County,* (1961) 242 Ind. 42, 55, 176

N.E.2d 126, 133 (dissenting opinion); *Haag v. Haag,* (1959) 240 Ind. 291, 298, 163 N.E.2d 243, 245; *Scott v. Scott,* (1949) 227 Ind. 396, 404, 86 N.E.2d 533, 536; *Linton v. Linton,* (1975) 166 Ind.App. 409, 419, 336 N.E.2d 687, 694. The exception in 65(B) is made because of the particular nature of the continuing jurisdiction of the trial court. The need for this jurisdiction is spelled out in Ind.Code §§ 31–1–11.5–12, –14, –17, –20, and –21 through –24 (Burns Repl.1980 and Supp.1982). These sections provide for the responsibility of the court to continue to oversee custody, care, and support of minor children until they have reached their majority following the dissolution decree. The respondent court had those matters before it in this cause. The flexibility required by the court which was the subject of the exception in 65(B) is illustrated by the facts and circumstances in this matter. Before the trial court could make a determination on visitation and custody, it had to provide for the safety and welfare of the children until the evidence could be obtained. It was necessary for the trial court to make a proper decision. Judge Dugan referred the matter to the counseling branch of the court and set the cause for a time when he would be able to hear all of the evidence. Hearing for final determination of the issues was set for October 7, 1982, and it does not appear in this record that it was unreasonable or oppressive to Relatrix. In any event, any issues regarding the propriety of the court's actions can be raised on appeal and reviewed in that manner. Petition for writ is denied.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.