In re the Marriage of Gary BECKER,
Appellant–Petitioner,

v.

Heather BECKER, Appellee–
Respondent.

No. 49A04–0804–CV–205.

Court of Appeals of Indiana.

Aug. 14, 2008.

Gary Becker, Plainfield, IN, Appellant
pro se.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner, Gary Becker
(Becker), appeals the trial court's Order
modifying his child support.

We reverse.

### ISSUE

Becker raises one issue on appeal, which
we restate as: Whether the trial court
abused its discretion by not making the
abatement in his child support obligation
retroactive to February 26, 1998, when the
trial court entered the decree of dissolu-
tion of marriage and determined Becker's
initial child support obligation.

### FACTS AND PROCEDURAL HISTORY

Becker and Heather Becker (Heather),
Appellee–Respondent, were married on
October 25, 1978. During the course of
the marriage, two children were born:
S.B. on July 8, 1990 and M.B. on March 11,
1992. On December 19, 1996, Becker was
sentenced for four Class B felonies, one
Class C felony, and one Class A misde-
meanor. His cumulative sentence as of
the date of sentencing amounted to ninety-
two years. Thereafter, on January 21,
1997, Becker was sentenced for an addi-
tional Class C felony and on March 5,

1997, he was sentenced for another Class B felony. After appealing his sentence, some of Becker's consecutive terms were ordered to be served concurrently. Currently, the Department of Correction indicates his earliest possible release date to be August 25, 2009.

On September 3, 1997, Becker filed his Verified Petition for Dissolution of Marriage. On February 26, 1998, the trial court entered its decree dissolving the marriage and setting Becker's child support obligation at $110.00 per week. On December 28, 2007, Becker filed a Motion for Relief from Order pursuant to Indiana Trial Rule 60(B)(8). In its motion, Becker stated that his sole income is a monthly stipend from the Indiana Department of Correction in the amount of $16.00. Invoking our supreme court's opinion in *Lambert v. Lambert*, 861 N.E.2d 1176 (Ind.2007), Becker requested the trial court to modify his child support obligation.

On February 4, 2008, the trial court entered an Order modifying Becker's child support. Based on *Lambert*, the trial court abated Becker's child support obligation from $110.00 to $25.00 per week, effective February 22, 2007, the date of our supreme court's *Lambert* decision, until August 25, 2009, the date of Becker's projected earliest possible release from incarceration.

Becker now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Becker's sole contention on appeal focuses on the retroactivity of the trial court's abatement order. Specifically, Becker asserts that the trial court's order should be retroactively effective as of February 26, 1998, the date of the trial court's Decree of Dissolution. Becker does not dispute the

trial court's modification of his child support obligation to $25.00 per week.

It is within a trial court's discretion to make a modification of child support relate back to the date the petition to modify is filed, or any date thereafter. *Quinn v. Threlkel*, 858 N.E.2d 665, 674 (Ind.Ct.App.2006) (citing *Carter v. Dayhuff*, 829 N.E.2d 560, 568 (Ind.Ct.App. 2005)). We will reverse a decision regarding retroactivity only for an abuse of discretion or if the trial court's determination is contrary to law. *Quinn*, 858 N.E.2d at 674. However, "modifications normally speak only prospectively." *Id.* (quoting *Talarico v. Smithson*, 579 N.E.2d 671, 673 (Ind.Ct.App.1991)). "Allowing trial courts discretion in making the modification of child support effective as of the date the petition is filed may serve to avoid dilatory tactics." *Quinn*, 858 N.E.2d at 665.

Here, we conclude that the trial court abused its discretion. The trial court retroactively imposed the abatement to February 22, 2007, whereas Becker filed his motion on December 28, 2007. Accordingly, pursuant to *Quinn*, the earliest possible date the abatement could become effective is December 28, 2007. Therefore, while we reject Becker's request to retroactively make the abatement effective to February 26, 1998, we also reverse the trial court's Order, making the abatement of child support effective December 28, 2007 until August 25, 2009, the date of Becker's projected earliest release from incarceration.

### CONCLUSION

Based on the foregoing, we conclude that the trial court abused its discretion by making the abatement of Becker's child support obligation retroactively effective to a date before the date Becker filed his request to modify child support. The modification of child support of $25.00 per

week is hereby entered beginning December 28, 2007, and continuing until further hearing in the trial court to determine child support upon Becker's release from incarceration.

Reversed.

BAILEY, J., and BRADFORD, J., concur.