APPELLANT PRO SE
Gary Becker
New Castle, Indiana



# In the
# Indiana Supreme Court

No. 49S04-0903-CV-113

IN RE THE MARRIAGE OF,

GARY BECKER,

*Appellant (Petitioner below)*,

v.

HEATHER BECKER,

*Appellee (Respondent below)*.

Appeal from the Marion Superior Court, No. 49D10-9709-DR-1244
The Honorable David J. Dreyer, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-0804-CV-205

**March 12, 2009**

**Sullivan, Justice.**

Today in Clark v. Clark, – N.E.2d –, No. 35S05-0809-CV-506, slip op. (Ind. Mar. 12, 2009), we hold that incarceration may constitute a substantial change in circumstances justifying modification of an existing child support obligation. This case requires us to determine the effective date of such a modification. We hold that such a modification may not take effect on a date earlier than the date on which the petition to modify is filed.

**Background**

Gary and Heather Becker married on October 25, 1978.[1] During the marriage, Gary and Heather had two children. In 1996, Gary Becker was sentenced for several felony offenses; in 1997, Becker was sentenced for additional felony offenses. After a criminal appeal, his sentences were ordered to be served concurrently. The Department of Correction indicates that his earliest possible release date is August 25, 2009.

On September 3, 1997, while incarcerated, Becker petitioned for divorce. On February 26, 1998, the court entered its decree dissolving the marriage, granting Heather custody of the couple's children and setting Becker's weekly child support obligation at $110. In 2002, Becker filed a motion to modify his support obligation and represented that his prison stipend amounted to only $16 per month. The trial court denied Becker's request for modification noting that "Indiana law does not allow child support to be reduced or abated during a period of incarceration." (App. at 25.)

On February 22, 2007, this Court held in Lambert v. Lambert, that pre-incarceration income should not be imputed to an imprisoned parent when setting an initial order of child support. 861 N.E.2d 1176, 1177 (Ind. 2007). On December 28, 2007, Becker invoked Lambert to support a renewed request for modification of his child support obligation.[2] On February 4, 2008, the trial court abated Becker's child support obligation from $110 to $25 per week, effective February 22, 2007 (as noted, the date of our Lambert decision).

Becker appealed. His sole contention was that the trial court should have reduced his child support obligation retroactively, not just to the date of Lambert, but all the way back to the date of the divorce decree. Becker v. Becker, 891 N.E.2d 1114, 1115 (Ind. Ct. App. 2008).

---

[1] Gary Becker, an inmate, represents himself pro se in this appeal. Heather Becker has not filed an appellee's brief in this appeal.

[2] Becker's motion was styled as a "Motion for Relief from Order" pursuant to Ind. Trial Rule 60(B)(8). In relevant part, T.R. 60(B) allows a party to motion to the court for relief from a final order for "any reason justifying relief from the operation of the judgment . . . ." T.R. 60(B)(8). Both the trial court and the Court of Appeals appear to have treated Becker's T.R. 60(B) motion as – either in part or alternatively – a petition to modify his support obligation; we do the same.

The Court of Appeals took a view contrary to both Becker and the trial court, holding that the reduction of Becker's support obligation cannot be retroactive to any date before the date on which he filed his petition for relief.  Id.  Becker seeks transfer.  Ind. Appellate Rule 58(A).

**Discussion**

Clark v. Clark, – N.E.2d –, which we decide today, holds that incarceration may constitute a substantial change in circumstances justifying modification of an existing child support obligation.  (Clark follows Lambert, 861 N.E.2d 1176, which held that pre-incarceration income should not be imputed to an imprisoned parent when setting an initial order of child support.)  Becker's request is for a modification of child support based on changed circumstances due to incarceration, and so Becker argues that he is entitled to relief under Clark.

As such, the principal question here is not whether Becker is entitled to modification, but the effective date of that modification.[3]  Three choices are presented to us:

- Becker contends that the modification ordered by the trial court should be retroactively effective as of February 26, 1998, the date of dissolution.

- The trial court ordered the modification to be effective as of February 22, 2007, the date of this Court's Lambert decision.

- The Court of Appeals held that the modification cannot be applied retroactively to any date prior to December 28, 2007, the date Becker filed his modification request.

A trial court has discretion to make a modification of child support relate back to the date the petition to modify is filed, or any date thereafter.  Quinn v. Threlkel, 858 N.E.2d 665, 674

---

[3] Since Lambert, the Court of Appeals has addressed petitions for modification of child support due to incarceration in addition to this case.  See e.g., In re Guardianship of R.M.M., – N.E.2d – (Ind. Ct. App. 2009) (holding that any modification due to incarceration would be retroactive to the date the petition was filed).

3

(Ind. Ct. App. 2006) (citing Carter v. Dayhuff, 829 N.E.2d 560, 568 (Ind. Ct. App. 2005)). "The general rule in Indiana is that retroactive modification of support payments is erroneous if the modification relates back to a date earlier than the filing of a petition to modify." Donegan v. Donegan, 605 N.E.2d 132, 133 n.1 (Ind. 1992) (citing Reeves v. Reeves, 584 N.E.2d 589, 594 (Ind. Ct. App. 1992), trans. denied). And Indiana courts have long held that, "after support obligations have accrued, a court may not retroactively reduce or eliminate such obligations." Whited v. Whited, 859 N.E.2d 657, 661 (Ind. 2007). The modification of a support obligation may only relate back to the date the petition to modify was filed, and not an earlier date, subject to two exceptions not applicable here.[4]

Nothing in Lambert or Clark suggests a contrary rule for modifications due to incarceration. We now hold that Lambert and Clark do not apply retroactively to modify child support orders already final, but only relate to petitions to modify child support granted after Lambert was decided. A trial court only has the discretion to make a modification of child support due to incarceration effective as of a date no earlier than the date of the petition to modify. Consequently, the date Becker instituted his request for relief represents the earliest date the abatement could become effective.

### Conclusion

We grant transfer pursuant to App. R. 58(A) and vacate the trial court's abatement of Becker's child support obligation to the extent that it was ordered to be retroactively effective to the date of the Lambert decision, February 22, 2007. We remand to the trial court for further proceedings in accordance with this opinion and that of the Court of Appeals.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

---

[4] Retroactive modification is permitted in two instances: (1) when the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree; or (2) the obligated parent takes the child into the obligated parent's home and assumes custody, provides necessities, and exercises parental control for a period of time that a permanent change of custody is exercised. Whited, 859 N.E.2d at 662.