# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MICHAEL C. BORSCHEL**
Fishers, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KENNETH BIGGINS**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Dec 30 2014, 9:57 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| BRANDAN JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1406-CR-383 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION COUNTY SUPERIOR COURT
The Honorable Sheila Carlisle, Judge
The Honorable Stanley Kroh, Magistrate
Cause No.  49G03-1305-FD-029334

**December 30, 2014**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Brandan Jones appeals following a guilty verdict for class D felony Assisting a Criminal.[1]  Jones raises a single issue for our review:  Did the State present sufficient evidence to support a finding of guilt?

We affirm.

At approximately 1:00 a.m. on May 4, 2013, Indianapolis Metropolitan Police Officer David Hutson was on patrol duty in his marked police cruiser when he saw a gold SUV travelling in the opposite lane.  The SUV crossed the center line such that Officer Huston had to take evasive action to avoid a collision.  Officer Hutson then turned around and followed the vehicle and watched as the driver failed to stop at a stop sign.  At that point, Officer Hutson activated his emergency lights and initiated a traffic stop.  When Officer Hutson approached the vehicle, he observed a male driver and a male passenger in the front seat.  Both men provided Officer Hutson with state identification cards.  After returning to his patrol car and checking the identification provided by Bennie Stigler, the man in the driver's seat, Officer Hutson discovered that Stigler's driver's license was suspended for life.  Before returning to the SUV to arrest Stigler, Officer Huston called for backup.  A few minutes later, Officer Robert Lawson arrived, and both officers approached the vehicle.  To their surprise, however, Jones, the passenger, was now in the driver's seat, and Stigler, the driver, was now in the passenger seat.  The officers removed both men from the car and placed them in handcuffs.  Officer Hutson asked

---

[1] Ind. Code Ann. § 35-44.1-2-5 (West, Westlaw 2013).  Effective July 1, 2014, this offense has been reclassified as a Level 6 felony.  Ind. Code § 35-44.1-2-5 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly).  Because Jones committed this offense prior to that date, it retains is prior classification as a class D felony.

Jones why he had switched seats, and he denied doing so. During this conversation, Officer Hutson smelled an odor of alcoholic beverages on Jones's breath.

As a result of these events, Stigler was charged with class C felony operating a motor vehicle while privileges are forfeited for life, and Jones was charged with assisting a criminal as a class D felony. A joint jury trial was held on April 23, 2014, and both Stigler and Jones were found guilty as charged. At sentencing, the trial court entered Jones's conviction as a class A misdemeanor pursuant to Ind. Code Ann. § 35-50-2-7(b) (West, Westlaw 2014) and sentenced him to 365 days with credit for two days served and the balance suspended to probation. Jones now appeals.

Jones argues that the State presented insufficient evidence to support the jury's guilty verdict. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008).

It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144 (Ind. 2007). Accordingly, the question on appeal is whether the inferences supporting the verdict were

3

reasonable, not whether other, "more reasonable" inferences could have been drawn. *Thompson v. State*, 804 N.E.2d 1146, 1150 (Ind. 2004). Because reaching alternative inferences is the function of the trier of fact, we may not reverse a conviction merely because a different inference might plausibly be drawn from the evidence. *Thompson v. State*, 804 N.E.2d 1146.

At the time of Jones's offense, the statute criminalizing assisting a criminal provided in relevant part as follows:

> (a) A person not standing in the relation of parent, child, or spouse to another person who has committed a crime or is a fugitive from justice who, with intent to hinder the apprehension or punishment of the other person, harbors, conceals, or otherwise assists the person commits assisting a criminal, a Class A misdemeanor. However, the offense is:
>> (1) a Class D felony, if the person assisted has committed a Class B, Class C, or Class D felony; and
>> (2) a Class C felony, if the person assisted has committed murder or a Class A felony, or if the assistance was providing a deadly weapon.

I.C. § 35-44.1-2-5. This statute "was intended to apply to people who did not actively participate in the crime itself, but who did assist a criminal after he or she committed a crime." *Hauk v. State*, 729 N.E.2d 994, 999 (Ind. 2000).

Jones repeatedly concedes that the evidence was sufficient to support conviction as a class A misdemeanor.[2] On appeal, Jones challenges only the elevation of the offense to a class D felony. The crux of Jones's argument on appeal is that in order to convict him of assisting a criminal as a class D felony, the State was required to prove not only

---

[2] We note that Jones's conviction was entered as a class A misdemeanor. The parties do not argue, however, that this renders Jones's appellate arguments moot. This is so because the trial court's entry of conviction as a class A misdemeanor pursuant to I.C. § 35-50-2-7 in this case will affect the availability to Jones of alternative misdemeanor sentencing under that statute in the future. *See id.*

that Stigler had committed a class C felony, but also that Jones was *aware* that Stigler was committing a class C felony by driving after his license was forfeited for life in violation of Ind. Code Ann. 9-30-10-17 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). According to Jones, although there is evidence from which the jury could infer his intent to shield Stigler from punishment for driving without a valid license, there is no evidence to suggest that he was aware that Stigler was committing a class C felony by driving while his driving privileges were forfeited for life. The State responds that "assisting a criminal automatically becomes a felony based on whether the assisted party committed a Class B, Class C, or Class D felony, irrespective of the assisting party's knowledge of the underlying offense." *Appellee's Brief* at 5, n.5. We agree with the State.

> Jones's argument presents a question of statutory interpretation.
>
> Our primary goal in interpreting statutes is to determine and give effect to the Legislature's intent. *State v. Oddi–Smith*, 878 N.E.2d 1245 (Ind. 2008). The best evidence of that intent is a statute's text. *Id.* The first step is therefore to decide whether the Legislature has spoken clearly and unambiguously on the point in question. *Sloan*, 947 N.E.2d at 922. When a statute is clear and unambiguous, we must apply the plain and ordinary meaning of the language. *Id.* There is no need to resort to any other rules of statutory construction. *Id.*

*Adams v. State*, 960 N.E.2d 793, 798 (Ind. 2012).

In this case, we conclude that the pertinent language of the assisting a criminal statute is clear and unambiguous. The statute provides that the crime of assisting a criminal is elevated to a class D felony "if the person assisted has committed a Class B,

5

Class C, or Class D felony". I.C. § 35-44.1-2-5(a)(1). The statute contains no requirement that the person assisting the criminal have knowledge of the level or type of felony the assisted person has committed, or that a felony has been committed at all. Thus, the statute requires the assisted person to have committed a class B, C, or D felony, and that the assisting person act with intent to hinder the assisted party's apprehension or punishment, but there is no requirement that the assisting party be aware that the assisted party committed a class B, C, or D felony. In other words, the crime automatically becomes a class D felony if the person assisted has committed a class B, C, or D felony, regardless of whether the assisting party was aware of that fact. There is simply nothing in the language of the statute to support Jones's interpretation.[3] In light of the language of the statute, when a person undertakes to assist a criminal, he does so at his peril. That is, his potential criminal liability increases depending on the seriousness of the offense committed by the assisted party, irrespective of whether the assisting party was aware of the precise crime committed or its sentencing classification.

The only mental element the State must prove in order to support a conviction for assisting a criminal is intent to hinder the assisted party's apprehension or punishment, regardless of whether the crime is charged as misdemeanor or a felony. In order to prove such intent, the State would need to prove that the assisting party had reason to believe that the assisted party was subject to apprehension or punishment, which in many cases would mean that the assisting party had reason to believe that the assisted party had

---

[3] Jones's reliance on *Bielich v. State*, 189 Ind. 127, 126 N.E. 220 (1920), is misplaced. In that case, the court interpreted an early version of the assisting a criminal statute that did not contain the language Jones asks us to interpret in this case, i.e., subsection (a)(1).

committed a crime. Indeed, our Supreme Court has explained that "[i]n prosecutions for accessory after the fact, the State need only show that the accessory had good reasons to believe that the crime had been committed by the principal." *Walker v. State*, 246 Ind. 386, 390, 204 N.E.2d 850, 852 (1965). We do not think this requires the assisting party to know the details of the crime committed, or its sentencing classification, or its statutory citation, as Jones seems to suggest. We doubt that the General Assembly intended to limit liability for assisting a criminal to cases in which the assisting party possessed such knowledge because such a requirement would allow assisting individuals to skirt the boundaries of the law by purposely remaining ignorant of the details of the assisted party's crimes while providing assistance in escaping apprehension or punishment.[4]

In this case, it is undisputed that Jones is not Stigler's parent, child, or spouse. It is also undisputed that Stigler committed a class C felony by driving while his privileges were forfeited for life. The evidence establishes that Jones assisted Stigler by switching seats with him and attempting to convince the officers that he was the one who had been driving. Finally, the jury could infer from the circumstances that Jones did so with intent to hinder Stigler's apprehension or punishment. Indeed, it seems highly unlikely that

---

[4] In his reply brief, Jones asserts that individuals subject to administrative suspension of their driver's licenses must have notice of the suspension before being criminally convicted for driving in violation of the suspension. According to Jones, "[a]t the very least, the same notice requirement should apply to one charged with Assisting a criminal whose criminal status is determined under I.C. § 9-30-10-17." *Reply Brief* at 3. This argument is waived because it is raised for the first time in a reply brief. *See Sisson v. State*, 985 N.E.2d 1 (Ind. Ct. App. 2012) (noting that parties may not raise an issue for the first time in a reply brief), *trans. denied*. Waiver notwithstanding, it is not this court's role to determine what "should" be required to support a criminal conviction. We are bound to apply the statute as written by the General Assembly, and it contains no such notice requirement.

Jones would attempt to convince the officers that he was the driver, thereby exposing himself to responsibility not only for the moving violations which prompted the traffic stop, but also a possible drunk-driving charge based on Officer Hutson's observation that Jones appeared to have been drinking, if not to shield Stigler from more serious criminal liability.[5]  Thus, the State presented sufficient evidence to support a guilty verdict for class D felony assisting a criminal.

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.

---

[5] Jones points out that driving without a license is sometimes only an infraction. *See* Ind. Code Ann. § 9-24-1-8 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly).  Assuming *arguendo* that intent to hinder a person's punishment for an infraction in insufficient to establish the intent element of assisting a criminal where the assisted party has, in fact, committed a crime, it is reasonable to infer that Jones would not have subjected himself to these potential penalties if only to shield Stigler from the relatively minor consequences of committing an infraction.