

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Kristin Garn
Frances Barrow
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

David W. Stone IV
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Intervenor,*

v.

Anthony Gaw,

*Appellee-Petitioner.*

December 10, 2015

Court of Appeals Case No.
48A02-1504-PL-207

Appeal from the Madison Circuit
Court.
The Honorable Thomas L. Clem,
Judge.
Cause No. 48C05-1404-PL-36

**Shepard, Senior Judge**

[1] On behalf of the Madison County Title IV-D Prosecutor, the State of Indiana appeals an order of Madison Circuit Court 5 granting Anthony Gaw relief from a child support decision entered by Madison Circuit Court 2.

[2] Indiana has created avenues by which inmates may seek to revisit issues like child support, but collateral attack is not one of them. We reverse.

# Issue

The State presents two issues for our review, one of which is dispositive: was Madison Circuit Court 5 without jurisdiction under Indiana Trial Rule 60(B)(8) to enter its order granting Gaw's request for modification of child support?

# Facts and Procedural History

On November 22, 1988, Gaw was sentenced to thirty years in the Department of Correction for Class A felony arson, with ten years executed and twenty years suspended to probation. After serving the executed portion, he was released to probation. Gaw's probation was revoked on August 17, 1998, and he was returned to prison to serve the remainder of his sentence. Gaw remained incarcerated until May 1, 2009.

Meanwhile, Gaw's wife Cathy filed a petition for dissolution of marriage in Madison Circuit Court 2 on July 27, 1998, and a support order was entered. On April 19, 2001, Gaw, pro se, filed a motion to reduce or abate his support obligation during his incarceration. Madison Circuit Court 2 denied that motion on April 27, 2001.

On August 6, 2008, the State by the IV-D Prosecutor was allowed to intervene in the ongoing collection process. Because the amount of child support arrearage exceeded $15,000, the matter ultimately was referred for criminal proceedings against Gaw for failure to pay. *See* Appellant's Appendix p. 4; Ind. Code § 35-46-1-5(a) (2001).

[7] On April 4, 2014, Gaw filed a motion to set aside judgment under Indiana Trial Rule 60(B)(8) in Madison Circuit Court 5, seeking to undo the Madison Circuit Court 2's order of 2001 denying his petition to reduce or abate his support obligation during his incarceration. Counsel for Cathy opposed the motion, and the State was allowed to intervene in Court 5 on February 5, 2015.

[8] After a hearing, Court 5 granted Gaw's request and abated the child support arrearage calculations for the period of April 19, 2001 through May 1, 2009, during which time Gaw was incarcerated. It then entered an order reflecting a new calculation for Gaw's arrearage.

## Discussion and Decision

### I. Does the State have Standing to Appeal?

[9] We begin with an issue Gaw has raised as a cross-appeal. He says that the State lacks standing here because it has suffered no harm through Court 5's reduction of Gaw's arrearage.

[10] Gaw notes that 42 U.S.C.A. § 657(a)(2)(B)(i) directs that if a family has formerly received assistance from the State, and if the amount of child support arrearage collected exceeds the current support amount, payment shall be made first to the family unless the family made an assignment to the State under 42 U.S.C.A. § 608(a)(3) in order to receive assistance. Cathy made such an assignment. In sum, Gaw claims that even with the reduction to the amount of child support arrearage, the State will be paid first and in full. Gaw further argues that since the State will suffer no harm and Cathy has not perfected an

appeal from Court 5's order, nor is she represented on appeal by the State, the State cannot complain of an error suffered by another party.

[11]   Trial Rule 24 provides for both intervention as of right and intervention by permission. The trial court hearing the dissolution and the court hearing the independent action each granted the State's motions to intervene. Where a party is allowed to intervene, that party may appeal a decision adverse to its interests even if the original parties forego pursuing an appeal. *Hoosier Outdoor Adver. Corp. v. RBL Mgmt, Inc.*, 844 N.E.2d 157 (Ind. Ct. App. 2006), *trans. denied*. The intervenor may appeal from subsequent orders in the action and is treated as if it were an original party with equal standing. *Id.* Indiana's practice is consistent with that of other jurisdictions. *See* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1923 (1986).

[12]   Court 5 abated Gaw's child support obligation from 2001 to 2009. The State was thus prevented from receiving support to which it had been assigned for that period. Ind. Code § 12-14-7-1 (1992). Further, the State is allowed to enforce child support orders even when the custodial parent no longer receives public assistance. 42 U.S.C.A. § 654 (25). Because the order is adverse to the State, a properly recognized intervenor, the State has standing to appeal.

## II. Did Madison Circuit Court 5 Have Jurisdiction?

[13] The State argued at its earliest opportunity that Court 5 did not have jurisdiction to grant Gaw's 60(B)(8) motion and makes that same argument on appeal. Appellant's App. p. 118.[1] We agree.

[14] The Madison Circuit Court is a unified court of general jurisdiction comprised of six divisions in which various dockets are maintained. Ind. Code § 33-33-48-12 (2011). By local rule, civil dockets may be maintained in each of the six divisions. LR48-AR00-05 (2012). However, Madison County's caseload plan provides that Madison Circuit Court 5 is not initially allocated any of the dissolution proceedings, although transfers to that specific division are not prohibited. LR48-AR00-07.

[15] Gaw sought relief via Trial Rule 60(B)(8) from Court 2's denial of his petition for modification of support. He did so by filing what he called an "independent action" in Court 5. Case law has established, nonetheless, that actions brought under 60(B)(8) must be filed in the court which issued the judgment or order. *Kiskowski v. O'Hara*, 622 N.E.2d 991, 993 (Ind. Ct. App. 1993), *trans. denied*. Furthermore, it is axiomatic that "a court that issues a dissolution decree retains exclusive and continuing responsibility for any future modifications and related matters concerning the care, custody, control, and support of any minor

---

[1] The State also argued to Court 5 that the issue of child support modification for that period alleged was barred by res judicata, as the issue had been decided adversely to Gaw by Court 2.

children." *Fackler v. Powell*, 839 N.E.2d 165, 167 (Ind. 2005) (citing *State ex rel. Werthman v. Superior Ct. of Marion County*, 448 N.E.2d 680, 683 (Ind. 1983)). This is so because various policy reasons reaffirm that the original dissolution court is in the best position to conduct the necessary factual determinations involved. *Id.*

[16] In *State ex rel. Meade v. Marshall Superior Court II*, 644 N.E.2d 87 (Ind. 1994), our Supreme Court made clear that efforts to circumvent decisions of the dissolution court are disfavored absent extraordinary circumstances such as an emergency. In that case, after the marriage was dissolved and child custody was determined, a former wife went to another court in that same county, seeking a protective order that would have effectively modified the terms of visitation contained in the dissolution decree entered by the original court. The Supreme Court held that "where no emergency situation exists, as it did not in this case, the court where the divorce, custody, and visitation matters were heard retains continuing jurisdiction over the case." *Id.* at 90. Similarly, here, Gaw has attempted to "avoid the regular procedure" by seeking relief in a different division of Madison Circuit Court when the matter had previously been decided against him in another division having continuing jurisdiction. *Id.*

[17] Because Court 5 lacked authority to hear Gaw's request, we need not resolve the appropriateness of its decision. However, we note that Indiana case law has recognized an accommodation for prisoners in the interest of promoting their rehabilitation. In *Lambert v. Lambert*, 861 N.E.2d 1176, 1176 (Ind. 2007), the Supreme Court declared that while our child support guidelines obligate every

parent to provide some support to their children even if they have no apparent present income, a trial court errs by setting the initial support amount on employment income that will not exist during a parent's incarceration.

[18] Of course, this accommodation must yield to the longstanding rule that a court may not retroactively modify child support obligations that have accrued. *Whited v. Whited*, 859 N.E.2d 657, 661 (Ind. 2007); *Corbridge v. Corbridge*, 230 Ind. 201, 206, 102 N.E.2d 764, 767 (1952). In a pair of decisions issued on the same day, the Supreme Court explicitly stated that while incarceration may constitute a substantial change in circumstances warranting a modification of an existing child support obligation, such modification may not take effect on a date earlier than the date on which the petition to modify the child support obligation is filed. *Clark v. Clark*, 902 N.E.2d 813, 814 (Ind. 2009); *Becker v. Becker*, 902 N.E.2d 818, 819 (Ind. 2009).

## Conclusion

[19] In light of the foregoing, we conclude that Madison Circuit Court 5 was without jurisdiction to grant Gaw the relief he sought.

[20] Reversed.

[21] Baker, J., and Brown, J., concur.