# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 14 2017, 10:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Daniel R. Fuquay<br>Evansville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Frances Barrow<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel Fuquay,<br>*Appellant-Respondent,*<br><br>v.<br><br>Teresa Higginson, et al.,<br>*Appellees-Petitioners.* | February 14, 2017<br><br>Court of Appeals Case No.<br>82A05-1607-JP-1621<br><br>Appeal from the Vanderburgh Superior Court<br><br>The Honorable Brett J. Niemeier, Judge<br><br>Trial Court Cause No.<br>82D01-8903-JP-217 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, Daniel Fuquay (Fuquay), appeals the trial court's denial of his request to retroactively modify his child support obligation.

We affirm.

# ISSUE

Fuquay raises two issues on appeal, which we restate as the following single issue: Whether the trial court abused its discretion by denying his request to retroactively modify his child support obligation.

# FACTS AND PROCEDURAL HISTORY

On November 26, 1987, Cameron Minor (Minor)—emancipated as of November 2, 2006—was born out of wedlock to Appellee-Petitioner, Teresa Higginson (Higginson). On April 12, 1989, the trial court issued an order, establishing paternity of Minor in Fuquay and requiring Fuquay to pay child support in the amount of $25 per week. The order specified that Fuquay's support obligation would be increased by $15 per week upon Minor entering first grade.

On March 26, 1991, Fuquay was sentenced to serve twenty years at the Department of Correction following a conviction for drug dealing. On April 24, 1992, Fuquay was sentenced in a second case and ordered to serve five years for drug dealing. Accordingly, he was continuously incarcerated from December 9, 1990, until June 6, 2003. During his time of incarceration, he did

not petition the court for a modification of child support. As of March 22, 2016, Fuquay's total child support arrearage amounted to $27,153.90. He is currently paying $45 per week on the arrearage by way of an income withholding order.

[6] On January 27, 2016, Fuquay filed a "verified petition to correct child support in accordance with law." (Appellant's App. Vol. II, p. 17). Because most of his current arrearage was incurred while incarcerated, he requested the trial court to retroactively modify his child support. On May 6, 2016, the trial court conducted a hearing and denied Fuquay's petition on May 9, 2016. On June 15, 2016, the trial court denied Fuquay's motion to correct error.

[7] Fuquay now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] Fuquay contends that the trial court abused its discretion when it denied his petition to retroactively modify his arrearage, which had largely been incurred while he was incarcerated. In reviewing a decision regarding a petition to modify child support, we will reverse only if there is a showing that the trial court abused its discretion. *Mertz v. Mertz*, 971 N.E.2d 189, 193 (Ind. Ct. App. 2012), *trans. denied*. We consider the evidence most favorable to the judgment without reweighing the evidence or judging the credibility of the witnesses. *Id*. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances that were before the trial court, including any reasonable inferences to be drawn therefrom. *Id*.

[9] "[I]ncarceration does not relieve parents of their child support obligations." *Lambert v. Lambert*, 861 N.E.2d 1176, 1177 (Ind. 2007). However, it is possible for a trial court to "calculate support based on the actual income and assets available to the [incarcerated] parent." *Id.* "Of course, this accommodation must yield to the longstanding rule that a court may not retroactively modify child support obligations that have accrued." *State v. Gaw*, 46 N.E.3d 1278, 1281 (Ind. Ct. App. 2015). In a pair of decisions issued on the same day, our supreme court explicitly stated that while incarceration may constitute a substantial change in circumstances warranting a modification of an existing child support obligation, such modification may not take effect on a date earlier than the date on which the petition to modify the child support obligation is filed. *Clark v. Clark*, 902 N.E.2d 813, 814 (Ind. 2009); *Becker v. Becker*, 902 N.E.2d 818, 819 (Ind. 2009).

[10] Here, Fuquay was incarcerated from December 9, 1990, until June 6, 2003, during which time he did not file a petition to modify his child support obligation. In fact, it was not until January 27, 2016, almost thirteen years after he was released from prison, that he filed a petition seeking to reduce his child support due to his incarceration. As Fuquay is now seeking to retroactively modify his child support obligation, the trial court properly denied his petition.

## CONCLUSION

[11] Based on the foregoing, we hold that the trial court did not abuse its discretion by denying Fuquay petition to modify child support.

[12]     Affirmed.

[13]     Crone, J. and Altice, J. concur