## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2018, 10:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John D. Smith
Talladega, Alabama

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John D. Smith, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Nicole L. Smith and State of Indiana, <br> *Appellees-Respondents.* | February 28, 2018 <br><br> Court of Appeals Case No. 59A05-1704-DR-988 <br><br> Appeal from the Orange Circuit Court <br><br> The Honorable Steven L. Owen, Judge <br><br> Trial Court Cause Nos. 59C01-0809-JP-146 59C01-1004-DR-187 |

**Kirsch, Judge.**

[1] John D. Smith ("Smith") appeals the trial court's orders, which granted Smith's motion to enforce the court's previous order and denied Smith's motion

requesting a hearing to determine child support arrearages and to refund overpaid child support and his motion requesting an order to remove him from the Federal Tax/Administrative Offset List. Smith raises the following restated issue for our review: whether the trial court's orders were clearly erroneous.

We affirm.

## Facts and Procedural History

Smith has two children with his ex-wife Nicole L. Smith. As of December 27, 2004, Smith was ordered to pay child support for his older child in the amount of $50.00 per week. *Appellant's App. Vol. II* at 3. As of January 26, 2009, Smith was ordered to pay child support for his younger child in the amount of $100.00 per week. *Id*. at 5. Smith was incarcerated on April 13, 2011 for crimes unrelated to his child support. On June 29, 2015, Smith filed motions for abatement of child support during his incarceration in the child support cases involving each of his children. The trial court granted Smith's motions without any findings or conclusions. *Id*. at 9-10.

Regarding his older child, from the time that Smith was ordered to pay child support until the time that he filed the abatement, Smith should have paid $27,400.00 in child support. *Id*. at 20. He had paid only $22,210.74 towards that obligation and was $5,189.26 in arrears. *Id*. As for his younger child, from the time that Smith was ordered to pay child support until the time that he filed the abatement, Smith should have paid $34,600.00 in child support. *Id*. at 19. He had paid only $20,104.04 towards that obligation and was $14,495.96 in

arrears.  *Id*.  In total, Smith was $19,685.22 in arrears when he filed his motion for abatement of child support due to his incarceration.  The Orange County Prosecutor terminated the accrual of Smith's child support arrearage effective June 29, 2015, which was the date that Smith filed his motion for abatement.  *Id*. at 18.  Because the amount of Smith's arrearage was over $2,500.00, his case was referred to the Federal Tax/Administrative Offset List, and he was sent notice of this referral.  *Id*. at 16.

On November 20, 2015, Smith filed a "Motion to Enforce Court's Previous Order," and on January 3, 2017, Smith filed a "Motion Requesting a Hearing to Determine Child Support Arrearages and Request Refund of Over Paid Child Support."  *Id*. at 25-28, 38-42.  On February 3, 2017, Smith also filed an "Emergency Motion Requesting an Order for Immediate Removal from the Orange County Prosecutor's Tax/Administrative Offset List."  *Id*. at 44-46.  A hearing was held on all of Smith's motions on March 16, 2017.

On March 27, 2017, the trial court issued two orders in the separate cases.  In both orders, the trial court found that each of Smith's child support obligations "is and has been abated as of 06/29/2015 and no current child support has accrued since 06/29/2015."  *Id*. at 48-49.  The trial court granted Smith's motion to enforce the court's previous order "to the extent that it does not conflict with this order."  *Id*.  Additionally, the trial court denied Smith's "Motion Requesting a Hearing to Determine Child Support Arrearages and Request Refund of Overpaid Child Support" and his "Emergency Motion

Requesting an Order for Immediate Removal from the Orange County Prosecutor's Tax/Administrative Offset List." *Id*. Smith now appeals.

## Discussion and Decision

On appeal, we grant "latitude and deference in family law matters" to trial judges. *Brown v. Lunsford*, 63 N.E.3d 1057, 1062 (Ind. Ct. App. 2016) (citing *Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016)). When reviewing a trial court's determination, "it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." *Id*. "Appellate judges are not to reweigh the evidence nor reassess witness credibility, and the evidence should be viewed most favorably to the judgment." *Id*. Where a trial court makes findings of fact and conclusions thereon, the reviewing court, pursuant to Indiana Trial Rule 52(A), will not set aside the findings or judgment unless clearly erroneous. *Steele-Giri*, 51 N.E.3d at 123.

Smith argues that the trial court erred in not applying his child support abatement retroactively to the date he began his incarceration. He specifically contends that the trial court erred by not enforcing the original order granting abatement of child support because it related back to the date of incarceration.[1]

---

[1] We note that, in the conclusion section of his Appellant's Brief, Smith requests "a refund of all monies taken over the amount he legally owed which were taken by the Orange County Prosecutor as well, and to be taken off of the United States Treasury's Administrative Offset list." *Appellant's Br*. at 13. However, he does not raise this issue in the body of his brief and does not support any purported argument with citations to authority or cogent reasoning. "Indiana Appellate Rule 46(A)(8) provides in part that the argument section

In Indiana, once a support obligation has accrued, a court may not retroactively reduce or eliminate such obligations. *Whited v. Whited*, 859 N.E.2d 657, 661 (Ind. 2007). Pursuant to Indiana Code section 31-16-16-6, "a court may not retroactively modify an obligor's duty to pay a delinquent support payment." However, two narrow exceptions to this general rule apply. *Whited*, 859 N.E.2d at 662. Retroactive modifications are permitted when "(1) the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree, or (2) the obligated parent takes the child into his or her home, assumes custody, provides necessities, and exercises parental control for such a period of time that a permanent change of custody is exercised." *Id*.

A trial court has discretion to make a modification of child support relate back to the date the petition to modify is filed, or any date thereafter. *Becker v. Becker*, 902 N.E.2d 818, 820 (Ind. 2009). "'The general rule in Indiana is that retroactive modification of support payments is erroneous if the modification relates back to a date earlier than the filing of a petition to modify.'" *Id*. (quoting *Donegan v. Donegan*, 605 N.E.2d 132, 133 n.1 (Ind. 1992)). The modification of a support obligation may only relate back to the date the

---

of the appellant's brief must 'contain the contentions of the appellant on the issues presented, supported by cogent reasoning,' along with citations to the authorities, statutes, and parts of the record relied upon." *Reid v. Reid*, 980 N.E.2d 277, 296 (Ind. 2012). Failure to comply with this rule results in waiver of the argument on appeal. *Id*. at 297. Further, to the extent that he raises the issue that he should be removed from the Federal Tax/Administrative Offset List in his reply brief, his argument is also waived. *See Jones v. State*, 22 N.E.3d 877, 881 n.4 (Ind. Ct. App. 2014) (finding argument waived because it was raised for the first time in reply brief).

petition to modify was filed and not an earlier date, subject only to the two previously-cited exceptions which are not applicable here. *Id.*

[11] In the present case, Smith asserts that his child support abatement should have been retroactive to April 13, 2011, the date he began incarceration, and therefore, the trial court in its March 16, 2017 order improperly applied the July 2, 2015 order granting his motion for abatement of child support. We disagree. Under Indiana law, a child support obligation can only be abated back to the date the motion to abate was filed and not an earlier date. *Id.* The trial court correctly found that Smith's motion for abatement could not be abated retroactively to the date of his incarceration and that the original order granting abatement as of the filing date for the motion, June 29, 2015, was already being enforced. We, therefore, affirm the trial court's order.

[12] Affirmed.

Bailey, J., and Pyle, J., concur.