## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 26 2020, 10:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Holly L. Lyons
Brand & Morelock
Greenfield, Indiana

ATTORNEY FOR APPELLEE

Laurie D. Johnson
Boje, Benner, Becker, Markovich
& Hixson, LLP
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy A. Brady, <br> *Appellant-Respondent,* <br><br> v. <br><br> Bethany R. Brady, <br> *Appellee-Petitioner.* | March 26, 2020 <br><br> Court of Appeals Case No. <br> 19A-DR-2495 <br><br> Appeal from the Hancock Superior Court <br><br> The Honorable Terry K. Snow, Judge <br><br> Trial Court Cause No. <br> 30D01-1202-DR-343 |

**Bailey, Judge.**

# Case Summary

[1] Timothy Brady ("Father") appeals an order modifying his child support obligation and requiring that he pay child support arrearage and a portion of the attorney's fees incurred by Bethany Brady Brown ("Mother"). We affirm in part, reverse in part, and remand with instructions.

# Issues

[2] Father presents three issues for review, that is, whether the trial court abused its discretion by:

    I.    ordering Father to pay $5,265.53 as child support arrearage;

    II.    modifying Father's child support obligation from $229.00 weekly to $254.00 weekly; and

    III.    ordering Father to pay $2,000.00 of Mother's attorney's fees.

# Facts and Procedural History

[3] Mother and Father, who are the parents of C.B. ("Child"), divorced in 2014. The parties executed a settlement agreement, which was incorporated into the Dissolution Decree ("the Decree"). The Decree provided that Mother would have the legal custody and primary physical custody of Child. Based upon Father's income of $108,000.00 (and an attribution of minimum-wage income to Mother, a stay-at-home parent), Father was to pay $229.00 weekly in child

support. Father was obligated to report any income change to Mother within seven days of the occurrence.

[4] Over the next several years, Father did not report any income changes to Mother. The parties mediated some parenting time issues, but they did not seek to modify the child support order in mediation or litigation. Father's income rose to approximately $147,000.00 annually, while Mother did not seek employment outside the home.

[5] On March 1, 2019, Father filed a petition seeking an increase in his parenting time with Child, then aged eleven. He asserted that Mother was in contempt of court for denial of parenting time. On July 23, 2019, Mother petitioned for an increase in child support. She alleged that Father was in contempt of court for failure to timely provide notification of income changes and she requested "an arrears assessment from the date of [the] Decree through February 28, 2019, for the difference of Father's child support obligation paid and what Father's child support obligation would have been had Father produced increased income verification as ordered by the Decree." (App. Vol. II, pg. 74.)

[6] On August 26, 2019, the trial court conducted a hearing on the pending petitions. On September 16, 2019, the trial court issued an order increasing Father's parenting time. With respect to financial obligations, the order provided as follows:

> Father's child support shall be modified to $254.00 per week effective August 30, 2019.

Father is found in arrears on child support in the amount of $5,265.53 because he did not provide Mother with his past changes in income.

Father is ordered to contribute $2,000.00 to Mother's attorney's fees within 30 days.

Appealed Order at 1-2. Father now appeals.

# Discussion and Decision

## Child Support Arrearage

At the hearing, Mother submitted into evidence a document detailing Father's income increases for the calendar years 2015 through 2019. She calculated the corresponding child support amount to be $5,265.53 more than Father had paid as ordered in the Decree. The trial court ordered this amount to be paid "based on Exhibit 13." (Tr. at 122.) Father challenges the order as a retroactive modification of child support. Mother responds that Father was properly ordered to pay that sum as a sanction for contempt.

We will reverse a child support determination only if the trial court has abused its discretion or made a determination that is contrary to law. *Taylor v. Taylor*, 42 N.E.3d 981, 986 (Ind. Ct. App. 2015), *trans denied*. "A trial court has discretion to make a modification of child support relate back to the date the petition to modify is filed, or any date thereafter." *Becker v. Becker*, 902 N.E.2d 818, 820 (Ind. 2009). As a corollary proposition, modifications before the petition date are not within the trial court's discretion. For example, "after

support obligations have accrued, a court may not retroactively reduce or eliminate such obligations." *Whited v. Whited*, 859 N.E.2d 657, 661 (Ind. 2007).[1]

[9] Mother filed her petition to modify child support on July 23, 2019; thus, the trial court had discretion to make a child support modification retroactive only to that date, "or any date thereafter." *Becker*, 902 N.E.2d at 820. Notwithstanding the trial court's determination that Father was "found in arrears," Appealed Order at 2, the uncontested evidence is that Father fulfilled his child support obligations pursuant to the Decree. The order that Father pay an additional $5,265.53 cannot rest upon the premise that Father was delinquent in his child support payments.

[10] As Mother observes, a trial court may, within its discretion, find a party who has willfully disobeyed a lawfully-entered court order to be in indirect contempt of court. *In re Paternity of M.F.*, 956 N.E.2d 1157, 1162 (Ind. Ct. App. 2011). When a party has been found to be in contempt of court, "monetary damages may be awarded to compensate the other party for injuries incurred as a result of the contempt." *In re Adoption of A.A.*, 51 N.E.3d 380, 387 (Ind. Ct. App. 2016), *trans denied*. In determining the appropriate amount of the sanction, the

---

[1] Two exceptions have been recognized, (1) when the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree or (2) the obligated parent takes the child into his or her home and assumes custody, provides necessities, and exercises parental control for such amount of time that a permanent change of custody is exercised. *Whited*, 859 N.E.2d at 662. Neither exception is applicable here.

court may take into account the inconvenience and frustration that has been experienced by the aggrieved party. *Id.* at 388.

[11]     But here the trial court did not find Father in contempt of court. Father and Mother each alleged that the other was in contempt of court, for non-reporting and parenting time interference, respectively. The trial court ruled upon Father's motion, finding that Mother was not in contempt of court. However, the trial court did not rule upon Mother's motion. We remand this matter to the trial court so that it may determine if Father willfully disobeyed a court order and, if so, to consider the imposition of an appropriate sanction.

## Child Support Modification

[12]     Father contends that the trial court increased his child support from $229.00 to $254.00 weekly absent a statutory basis for doing so, and thus acted contrary to law. Indiana Code Section 31-16-8-1 provides for the modification of an existing child support order only (1) "upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable" or (2) "upon a showing that a party has been ordered to pay an amount in child support that differs by more than twenty percent from the amount that would be ordered by applying the child support guidelines" and the existing order is at least twelve months old. Mother concedes that the $25.00 change in child support is less than the 20% threshold, but she argues that the "almost $40,000 increase" in Father's income since 2014 (while she remained a stay-at-home parent) is a substantial change justifying modification. Appellee's Brief at 15.

[13]     Where, as here, the sole alleged change of circumstances is a change in parental income, the Indiana Supreme Court has provided guidance with reference to Indiana Code Section 31-16-8-1:

> Our interpretation of the Legislature's action in 1997 is that it wanted to provide a bright-line for parents and for courts as to when a parent would be entitled to modification in his or her child support obligation solely on grounds of change in income. …
>
> In addition to providing a bright-line test for a parent who seeks modification solely on grounds of change in income, it seems to us that, as a practical matter, the Legislature has effectively established a bifurcated standard for modification, Subsection (2) covering situations where a parent seeks modification solely on grounds of change in income and Subsection (1) covering all other situations (including situations alleging a change in income and one or more other changes). It is true that, as a matter of pure logic, a parent could seek modification solely on grounds of change in income under Subsection (1) – indeed, Father does so here. But we do not believe that the Legislature would consider a change in circumstances standing alone (i.e., without any other change in circumstances) that would change one parent's child-support payment by less than 20% to be "so substantial and continuing as to make the terms [of the prior order] unreasonable." Indeed, it is hard to see the reason the Legislature would have enacted subsection (2) at all if a parent could receive a modification under Subsection (1) where the only changed circumstance alleged would change one parent's payment by less than 20%.
>
> Nevertheless, we do not hold that a modification may never be made under subsection (1) where the changed circumstance alleged is a change in one parent's income that only changes one parent's payment by less than 20%. There may be situations

where a variety of factors converge to make such a modification permissible under the terms of the statute. While we do not find this case to be such a situation, we do not foreclose such a possibility.

*MacLafferty v. MacLafferty*, 829 N.E.2d 938, 942 (Ind. 2005).

[14] Here, there is no indication that the trial court was asked to consider "a variety of factors." *Id.* In her petition for modification, Mother alleged that there had been a "substantial and continuous change in circumstances as Father's income has substantially increased." (App. Vol. II, pg. 74.) Father testified and acknowledged that his income had increased. Mother testified but did not offer evidence of her income or her current ability to earn income. She submitted a child support worksheet attributing weekly income of $290.00 to her; Father did not challenge the attribution.

[15] Indiana courts may consider the financial circumstances and net worth of parents in addition to their incomes when calculating child support. *Garrod v. Garrod*, 655 N.E.2d 336, 338-39 (Ind. 1995). But in this case there was no evidence presented as to the parties' current financial circumstances apart from the very limited testimony of income. The modification is derivative of a change in one parent's income resulting in a payment change of less than 20%. We agree with Father that the modification order is inconsistent with Indiana

Code Section 31-16-8-1.[2]  We remand for an evidentiary hearing to consider additional factors bearing on a modification of child support where there is less than a 20% change in the child support amount.

## Attorney's Fees

[16]  Finally, Father challenges the order that he pay $2,000.00 of Mother's attorney's fees.  We review a decision to award attorney's fees and the amount for an abuse of discretion. *Montgomery v. Montgomery*, 59 N.E.3d 343, 354 (Ind. Ct. App. 2016), *trans. denied*.

[17]  Indiana Code Section 31-16-11-1 permits a trial court to order a parent to pay reasonable attorney's fees to the other parent related to post-dissolution proceedings.  The trial court is to consider the parties' resources, their economic condition, ability to engage in gainful employment, and any other factors bearing on the reasonableness of the award.  *Myers v. Myers*, 80 N.E.3d 932, 938 (Ind. Ct. App. 2017).  Misconduct directly resulting in additional litigation expenses may be taken into account in reaching the decision to award such fees. *Id.*  The trial court is not required to give reasons for its decision to award fees. *Id.*

---

[2] In *MacLafferty*, the Court observed that "we rely on the trial court's determination of the respective incomes of the parties" but "whether or not the change in circumstances asserted is 'so substantial and continuing' as to render the prior child support order's terms 'unreasonable' is, at a minimum, a mixed question of law and fact.  To the extent it is a question of law, it is the duty of the appellate court to give it de novo review[.]"  829 N.E.2d at 941.

[18] Here, the parties submitted scant evidence of their relative economic positions, with the trial court advised only of income and attributed income. However, the trial court questioned Father as to his omission of income reporting, and it appears from the court's commentary that attorney's fees were awarded based upon Father's non-compliance. We are mindful that the trial court did not find Father to be in contempt of court. However, Father testified that he did not report income changes, and believed that his human resources officer took care of this, but ultimately, he "had no excuse." (Tr. Vol. II, pg. 82.) Father's lack of cooperation, even if it is short of willful disobedience, necessitated Mother additional expenditure of time and effort. And Father generates significantly more income than does Mother. Father has not demonstrated that the trial court abused its discretion by awarding Mother a portion of her attorney's fees.

## Conclusion

[19] The order for payment of attorney's fees is affirmed. The order that Father pay child support arrearage and the child support modification order are reversed. We remand for an evidentiary hearing to consider factors relative to child support and for a determination of whether the evidence established that Father is in contempt of court and, if so, whether a sanction is appropriate.

[20] Affirmed in part, reversed in part, and remanded with instructions.

Crone, J., and Altice, J., concur.