ATTORNEYS FOR APPELLANT
Steve Carter
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE
INDIANAPOLIS METROPOLITAN
POLICE DEPARTMENT
Lakshmi Hasanadka
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
James H. Voyles, Jr.
Indianapolis, Indiana

Annie Fierek
Brownsburg, Indiana



# In the
# Indiana Supreme Court

_____

No. 49S00-0710-CR-396

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

CHERYL ODDI-SMITH,

*Appellee (Defendant below).*

_____

Appeal from the Marion County Superior Court, No. 49F18-0701-FD-6788
The Honorable Reuben B. Hill, Judge

_____

On Petition to Transfer Pursuant to Indiana Appellate Rule 56(A)

_____

**January 9, 2008**

**Shepard, Chief Justice.**

The trial court suppressed all the evidence from appellee Cheryl Oddi-Smith's drunk driving arrest. It held that the arresting officer had no law enforcement authority because he had not been re-sworn after the consolidation of the Indianapolis Police Department (IPD) and the

Marion County Sheriff's Department (MCSD). We hold that all sworn officers of the IPD or MCSD at the time of consolidation satisfied the oath requirement for officers in the Indianapolis Metropolitan Police Department (IMPD).

## Facts and Procedural History

A section of the article on Unigov in Indianapolis, Ind. Code § 36-3-1-5.1, authorizes the city-county legislative body to consolidate the city police department and the county sheriff's department. On December 19, 2005, the City-County Council of the City of Indianapolis and Marion County passed General Ordinance No. 110. It established the IMPD and directed that the IPD and MCSD "shall coordinate their financial and purchasing operations through the [IMPD]" and "may collaborate regarding information technology, personnel and administration as they deem appropriate and beneficial to the public" effective January 1, 2006. Indianapolis/Marion County, Ind., Rev. Code of the Consolidated City and County § 279-102(b) (2007).

The IMPD officially assumed responsibility for providing law enforcement services in Marion County on January 1, 2007. Id. § 279-102(c). On that date, all IPD and MCSD officers automatically became officers of the IMPD. Id. § 279-103(a). The sheriff and other high-ranking officers attended a voluntary swearing-in ceremony the next day, but most officers were not in attendance. (Mot. Supress Hr'g Tr. at 4, 6, June 19, 2007.)

On January 15, 2007, Cheryl Oddi-Smith was involved in a three-car accident. Shortly after arriving at the scene, officers began a DUI investigation. Due to unfavorable road conditions, they transported Oddi-Smith to the police department, where Officer William Bueckers subsequently arrested her for operating a vehicle while intoxicated. Officer Bueckers had been sworn as an IPD officer in August 2001, but had not been re-sworn as an officer for the IMPD.

2

The State charged Oddi-Smith with operating a vehicle while intoxicated. Oddi-Smith filed a motion to suppress evidence from her traffic stop and arrest contending that Officer Bueckers lacked authority to perform her arrest. The trial court granted Oddi-Smith's motion to suppress and *sua sponte* dismissed the charges against her, finding that Officer Bueckers was not statutorily or constitutionally empowered to enforce the laws of Indiana. The State appealed, and we authorized a direct appeal to this Court. Ind. Appellate Rule 56(A).

## Oath Requirement for Law Enforcement Officers

We begin by examining whether Indiana law requires law enforcement officers to take an oath before beginning official duties. A portion of the Indiana Code governing state and local government administration provides that "every officer and every deputy, before entering on the officer's or deputy's official duties, shall take an oath to support the Constitution of the United States and the Constitution of the State of Indiana, and that the officer or deputy will faithfully discharge the duties of such office." Ind. Code Ann. § 5-4-1-1(a) (West 2007).

The inclusion of law enforcement officers in this requirement of oaths seems plain enough, as does the purpose of such a mandate.[1] Law enforcement officers hold positions of substantial public responsibility. As with the oaths we require of witnesses and jurors, the oaths of officers bind the conscience of the affiant and emphasize the solemnity of the duty at hand. See Ind. Const. art. I, § 8; Ind. Code Ann. § 34-45-1-2 (West 2007); cf. Modesitt v. State, 578 N.E.2d 649, 653 (Ind. 1991); Sides v. State, 693 N.E.2d 1310, 1312 (Ind. 1998) (abrogated on other grounds). We also observe that departments have believed for as long as anyone can recall that the carefully recruited and trained individuals appointed to the force needed to be "sworn officers." We think this is correct.

---

[1] At oral argument, the State contended that law enforcement officers are not covered by Ind. Code § 5-4-1-1 because they are "employees" rather than "officers." The authority cited for this proposition is case law examining whether law enforcement officers hold an "office" within the meaning of the constitutional prohibition against holding two "lucrative offices." See Ind. Const. art. II, § 9; Thompson v. Hays, 867 N.E.2d 654, 658-59 (Ind. Ct. App. 2007); Gaskin v. Beier, 622 N.E.2d 524, 528 (Ind. Ct. App. 1993). We think these cases do not dispose of the present, statutory question.

3

## Legislative Intent Regarding the Consolidation

We now turn to the issue at hand: whether Indiana law requires an officer to be re-sworn upon consolidation of a city police department and a county sheriff's department or whether the officer's sworn status carries forward to this newly consolidated entity. We first look to Indiana statute for guidance.

The primary purpose in statutory interpretation is to ascertain and give effect to the legislature's intent. Hendrix v. State, 759 N.E.2d 1045 (Ind. 2001). The best evidence of that intent is the language of the statute itself, and we strive to give the words in a statute their plain and ordinary meaning. Id. A statute should be examined as a whole, avoiding excessive reliance upon a strict literal meaning or the selective reading of individual words. Sales v. State, 723 N.E.2d 416 (Ind. 2000). The Court presumes that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals. B.K.C. v. State, 781 N.E.2d 1157 (Ind. Ct. App. 2003).

The legislature's enactment authorizing combination of the two departments leaves substantial flexibility to the local legislative body. As respects the eligibility of officers in the consolidated entity, Ind. Code § 36-3-1-5.1(e)(2) provides only that the consolidating ordinance "must specify which law enforcement officers of the police department and which law enforcement officers of the county sheriff's department shall be law enforcement officers of the consolidated law enforcement department." The statute does not impose any additional requirements on officers, such as passing a new examination or re-swearing. Rather, the statute dictates that the officers selected by the city-county council "shall be" officers of the consolidated organization, contemplating an automatic transition into active law enforcement duty.

Moreover, the statute provides that former officers of the sheriff's department or city police department who continue service after consolidation must retain their accrued pension

4

fund or trust benefits and service credits earned during employment. Ind. Code Ann. § 36-3-1-5.1(e)(4)-(5) (West 2007). This mandatory continuing accrual of benefits from employment under their former organization to employment under the consolidated entity is consistent with the interpretation that the General Assembly intended that officers make a seamless transition to the consolidated entity. The statute may permit the city-county council to impose additional requirements upon officers before they begin serving the consolidated entity, but the consolidating statute itself does not contain any such mandate.

Next we turn to the General Ordinance creating the IMPD to determine whether it contained a requirement to re-swear the officers transitioning into the IMPD. The Ordinance provided that IPD and MCSD would cease to exist after December 31, 2006, and that IMPD would become the legal successor in interest thereafter. Indianapolis/Marion County, Ind., Rev. Code of the Consolidated City and County § 279-102(c), 103 (2007). It declared that all members of the IPD and MCSD automatically became members of the IMPD. Id. § 279-103. It specifically granted each IMPD officer general police power and power to arrest, making no mention of a re-swearing requirement. Id. § 279-223 (stating that members of the IMPD have all the powers set forth in Ind. Code §§ 36-8-3-6, -10-9). It set forth specific age, training, experience, and examination requirements for members joining the IMPD after December 31, 2006, but excepted from such requirements officers who became members of IMPD automatically. Id. § 279-234(b). An officer's length of service with the IPD or MCSD must be included when calculating the officer's length of service with the IMPD. Id. § 279-103(c). Similarly, officers must retain all pension fund or pension trust benefits and service credits that accrued prior to January 1, 2007. Id. Nothing in the Ordinance indicates that officers transitioning from the IPD and MCSD needed to be re-sworn.

Finally, Oddi-Smith relies on an internal IMPD directive, General Order 1.1.1, which provides: "All persons employed by the [IMPD] as a merit or reserve police officer, prior to assuming sworn status, must meet with the Chief of Police or Sheriff to receive the oath of office for this department." (Appellee's Br. at 2 n.1.) As with the state statute and the local ordinance, we view this directive as aimed at personnel new to law enforcement, not as requiring a second oath for officers who had been sworn before the consolidation.

5

## Conclusion

There might well be other grounds on which the arrest of Oddi-Smith was valid, like the "de facto officer" doctrine. We think it sufficient grounds to say that the arresting officer was recruited, trained, and sworn as an IPD officer and that he took all that with him to the IMPD.

We reverse the trial court's suppression and dismissal and remand for further proceedings on the merits of the charges against Oddi-Smith.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.