# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JASON M. SMITH**
Jason M. Smith Law Services
Seymour, Indiana

ATTORNEY FOR APPELLEES:

**KENT A. JEFFIRS**
Crown Point, Indiana



FILED

Jul 31 2014, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LINDA M. TURNER, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 64A05-1310-TR-510 |
| | ) | |
| SALLY A. KENT and | ) | |
| STANLEY J. KAZLAUSKI, | ) | |
| | ) | |
| Appellees-Petitioners. | ) | |

## APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
The Honorable Katherine R. Forbes, Magistrate
Cause No. 64D02-1211-TR-11263

**July 31, 2014**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Respondent Linda Turner, trustee and beneficiary of the Kazlauski Family Trust (the "Trust"), appeals the trial court's grant of summary judgment in favor of Trust beneficiaries Appellees-Petitioners Sally Kent and Stanley Kazlauski on the issue of whether a separate writing prepared after the execution of the Trust validly modified the Trust's distribution terms. The separate writing provides for specific gifts of real property to Linda and Stanley. The trial court determined this to be an invalid attempt to incorporate by reference. On appeal, Linda argues that the writing constitutes a valid amendment to the Trust and, alternatively, a valid incorporation by reference. We conclude that the settlor intended the separate writing to be incorporated by reference into the Trust and, therefore, that it cannot be construed as an amendment to the Trust. We further conclude that the Indiana Trust Code prohibits incorporation by reference of specific gifts of real property and, therefore, that the separate writing is an invalid incorporation by reference. We affirm the trial court's grant of summary judgment in favor of Sally and Stanley.

## FACTS AND PROCEDURAL HISTORY[1]

Alexander and Selma Kazlauski established the Trust on March 5, 2004, designating themselves as trustees and beneficiaries during their lifetimes. The distribution terms of the Trust provide as follows:

1. Upon the death of the survivor of us, our successor trustee(s) shall take charge of the assets then remaining in this trust, pay all of the legally enforceable debts of the survivor of us ... and any and all other expenses incurred in closing out this trust and making distribution of assets thereof….

---

[1] Oral argument was held on Tuesday, June 10, 2014, at University Place in West Lafayette. We thank University Place for their hospitality and commend counsel for their preparation and performance.

2. Proceeds remaining after the previous provisions have been complied with shall be distributed according to the following plan of distribution:

    a.    Our children are **SALLY A. KENT, LINDA M. TURNER** and **STANLEY J. KAZLAUSKI.**

    b.    We may from time to time indicate our desire that specific gifts be made from this living trust upon the death of the survivor of us. If we make known our desire in writing referring to or attached to this trust agreement, upon the death of the survivor of us, the trustee(s) shall distribute the specific gifts as if the specific gifts had been made in this trust agreement itself. In dating the specific gift document, it is not our intention to redate the entire trust agreement.

    c.    We direct that our successor trustee(s) divide our personal effects … (except those items which are specifically given to a beneficiary elsewhere in this trust agreement in which case said specific gift shall take precedence over this paragraph), among our surviving children as they may agree or, failing such agreement, in such manner as our successor trustee(s) may deem equitable. …

    d.    The net proceeds of this trust shall be divided between our children, **SALLY A. KENT, LINDA M. TURNER** and **STANLEY J. KAZLAUSKI,** in equal shares [("the Equal Shares Provision")]. …

Appellant's App. p. 32-33. The Trust also contains the following provision regarding the surviving grantor's power to amend the Trust:

After the death of the first grantor to die, the surviving grantor may amend the trust, in whole or in part, by an instrument in writing, signed by the surviving grantor and delivered to all acting trustee(s) (which may be the surviving grantor)….

Appellant's App. pp. 34-35.

Alexander died on June 7, 2005. Three years later, Selma completed, signed, and dated a form titled, "Specific Gifts Upon Death" ("the Specific Gifts Form" or the "Form"). This separate writing provides:

3

Pursuant to the provisions of our revocable living trust which incorporates this specific gifts form by reference, we instruct the trustee(s) to distribute the following gifts:

Description of Gift: "Monetary Value (Already Given)"
Desired Recipient and Relationship: "Sally Kent – daughter"
Dated: "6-16-08"          Signed:
Dated:                    Signed: "SK"

Description of Gift: "Home – 1355 Hayes Leonard Road – Valpo"
Desired Recipient and Relationship: "Stanley Kazlauski – son"
Dated: "6-16-08"          Signed:
Dated:                    Signed: "SK"

Description of Gift: "Home – 1353 Hayes Leonard Road – Valpo"
Desired Recipient and Relationship: "Linda Turner – daughter"
Dated: "6-16-08"          Signed:
Dated:                    Signed: "SK"

Description of Gift: "CASH MONEY"
Desired Recipient and Relationship: "Grandchildren"
Dated:                    Signed:
Dated:                    Signed:

Description of Gift: "CASH MONEY"
Desired Recipient and Relationship: "God Children"
Dated:                    Signed:
Dated:                    Signed:

Appellant's App. p. 48.

Selma died on August 15, 2010. At that time, she owned a parcel of real estate ("the Parcel") "containing approximately 20 acres" and "[v]alued at $325,000.00 for inheritance tax purposes[.]" Appellant's App. p. 11. Both homes listed in the Specific Gifts Form are located on the undivided Parcel.

Linda has been acting as successor trustee since Selma's death. On November 5, 2012, Sally and Stanley filed petitions to docket the Trust and for interpretation of certain

Trust provisions. With regard to the latter, Sally and Stanley claimed the Specific Gifts Form constitutes an invalid attempt to incorporate by reference specific gifts of non-personal property. Sally and Stanley moved for summary judgment on this issue on March 4, 2013. A hearing on their motion was held on August 28, 2013, during which Linda claimed the Specific Gifts Form constitutes a valid amendment to the Trust. The trial court agreed with Sally and Stanley and, on September 30, 2013, granted summary judgment in their favor.

**DISCUSSION**

Linda challenges the trial court's grant of summary judgment in favor of Sally and Stanley. "When reviewing a grant or denial of summary judgment, our standard of review is de novo." *Univ. of S. Ind. Found. v. Baker*, 843 N.E.2d 528, 531 (Ind. 2006). Summary judgment should only be granted if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The parties do not dispute the operable facts of this case but rather the meaning of those facts under the Indiana Trust Code. Linda argues that summary judgment is inappropriate because the Specific Gifts Form constitutes a valid amendment to the Trust and, alternatively, a valid incorporation by reference into the Trust.

**I. Whether the Specific Gifts Form Constitutes a Valid Amendment**

Linda argues that the Specific Gifts Form satisfies the amendment requirements of the Trust Code and, therefore, should be construed as an amendment to the Trust.[2] Sally and Stanley counter that the Specific Gifts Form must be construed as an incorporation by

---

[2] Indiana Code section 30-4-3-1.5(c) allows a settlor to amend a revocable trust by "comply[ing] with a method provided in the terms of the trust." Here, the Trust provided for amendment via a signed writing.

5

reference because that is Selma's intention. We agree with Sally and Stanley.

Although we strive to construe a trust instrument "in a manner which renders the trust operative and effective," *Hauck v. Second Nat. Bank of Richmond*, 153 Ind. App. 245, 260, 286 N.E.2d 852, 861 (1972) (citing *Crawfordsville Trust Co. v. Elston Bank & Trust Co.*, 216 Ind. 596, 25 N.E.2d 626 (1940)), "[t]his Court cannot vary or delete terms used in the instrument." *Stowers v. Norwest Bank Ind., N.A.*, 624 N.E.2d 485, 489 (Ind. Ct. App. 1993) (citing *Waters v. Bishop* 122 Ind. 516, 519, 24 N.E. 161, 162 (1890)). The Specific Gifts Form clearly states that the Trust "incorporates this specific gifts form by reference." Appellant's App. p. 48. Where the language of a trust instrument is capable of clear and unambiguous construction, the court must give effect to the trust's clear meaning. *Goodwine v. Goodwine*, 819 N.E.2d 824, 829 (Ind. Ct. App. 2004). We are therefore obligated to construe the Form as an incorporation by reference.

## II. Whether the Specific Gifts Form Constitutes a Valid Incorporation by Reference

Linda alternatively argues that the Specific Gifts Form constitutes a valid incorporation by reference. Indiana Code section 30-4-2.1-11 provides:

> (a) A written statement or list that:
>     (1) complies with this section; and
>     (2) is referred to in a settlor's trust that was revocable during the settlor's lifetime; may be used to dispose of items of tangible personal property, other than property used in a trade or business, not otherwise specifically disposed of by the trust.
> (b) To be admissible under this section as evidence of the intended disposition, the writing must be signed by the settlor and must describe the items and the beneficiaries with reasonable certainty. The writing may be prepared before or after the execution of the trust. The writing may be altered by the settlor after the writing is prepared. The writing may have no significance apart from the

writing's effect on the dispositions made by the trust.

Linda claims this statute does not prohibit the incorporation by reference of specific gifts of real property. We disagree.

"The primary goal in statutory construction is to determine, give effect to, and implement the intent of the legislature." *State v. Dugan*, 793 N.E.2d 1034, 1036 (Ind. 2003). "The best evidence of that intent is the language of the statute itself…." *State v. Oddi-Smith*, 878 N.E.2d 1245, 1248 (Ind. 2008). In construing statutes, "[w]ords are to be given their plain, ordinary, and usual meaning," and "[i]t is just as important to recognize what the statute does not say as it is to recognize what it does say." *Id.* "When certain items are specified or enumerated in a statute, then, by implication other items not so specified are excluded." *In re Wardship of Turrin*, 436 N.E.2d 130, 132 (Ind. Ct. App. 1982).

The plain language of Indiana Code section 30-4-2.1-11(a)(2) permits a trust's incorporation by reference of specific gifts of "tangible personal property." Because the statute does not expressly permit specific gifts of real property, we conclude that they are prohibited. This conclusion finds support in the General Assembly's enumeration of "real property" in other provisions of the Trust Code. *See* Ind. Code § 30-4-2-1, (providing specifically for "real or personal property"); Ind. Code 30-4-3.5-2 (c)(4) (providing specifically for "tangible and intangible personal property, and real property"); *see also* Ind. Code § 30-4-3-1.5 (providing generally for "trust property" and "property"). The Specific Gifts Form is therefore an invalid incorporation by reference of specific gifts of real property, rendering summary judgment in favor of Sally and Stanley appropriate.

7

As a result of our holding, the distribution of the Parcel remains subject to the Equal Shares Provision of the Trust. In dividing the Parcel equally among the three beneficiaries, we note that Stanley and Linda's respective shares might include the homes which Selma arguably intended that they receive. The adoption of such an equitable solution, however, we leave to the sound discretion of the trial court.

The judgment of the trial court is affirmed.

RILEY, J., concurs.

ROBB, J. concurs in result with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LINDA M. TURNER, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 64A05-1310-TR-510 |
| | ) | |
| SALLY A. KENT and | ) | |
| STANLEY J. KAZLAUSKI, | ) | |
| | ) | |
| Appellees-Petitioners. | ) | |

**ROBB, Judge, concurring in result**

I, too, would affirm the trial court's grant of summary judgment in favor of Sally and Stanley. However, I write separately because I find it unnecessary to determine Selma's intention with respect to the Specific Gifts Form in order to reach that conclusion.

The Trust ultimately gives equal shares of the net proceeds to Linda, Sally, and Stanley. The Specific Gifts Form purports to make specific bequests to each of them, and also to make specific bequests to groups identified as grandchildren and godchildren. It is unclear to me why this particular writing could not be classified as both an incorporation by reference and an amendment, given the broad amendment provision in the Trust itself. See slip op. at 3 (quoting Trust provisions that allow amendment by a signed writing).[3]

---

[3] In this regard, I note that I would not necessarily find, as the trial court did and as the majority has, that the language of the document is dispositive. Simply using the words "which [Trust] incorporates this specific gifts form by reference" does not necessarily make it so, see Ind. Code § 30-4-2.1-11 (stating the requirements for a valid incorporation by reference), nor does it necessarily preclude the document being an amendment.

9

Assuming, however, that it must be one or the other, it fails regardless of the label we assign to it. If we must categorize the Specific Gifts Form, it fails as an incorporation by reference because, as the majority notes, real property may not be disposed of by such a document. If we were to say it does not matter that an incorporation by reference cannot convey real property because the Trust could be amended in any way, the document still fails because its provisions are too vague to convey the purpose and intent of the bequests purportedly made therein. Leaving aside the fact that "cash money" provides no direction to the trustee at all with respect to the purported bequests to grandchildren and godchildren, was Selma's intention for these specific gifts to be given out of the Trust first and then the remainder shared equally between Selma's children or was it for the specific gifts to Linda, Sally, and Stanley to explain the property that should comprise each of their shares? Although it seems more likely that the document was intended to describe gifts to be given first because it includes beneficiaries not previously named in the Trust, it is unclear and would therefore be ineffective as an amendment to the Trust.

Accordingly, I agree with the majority that the Specific Gifts Form does not modify the terms of the Trust and the trial court properly granted summary judgment on this issue.

10