

FILED

Mar 15 2018, 7:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Bruce Norman Stier
Logan & Stier, LLC
Fort Wayne, Indiana

Wilford Allen Hahn
Matheny Hahn & Denman, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Renee L. Riecke
William A. Ramsey
Barrett McNagny, LLP
Fort Wayne, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

James R. Cramer,

*Appellant,*

v.

Robert J. Edwards,

*Appellee.*

March 15, 2018

Court of Appeals Case No.
35A05-1704-TR-774

Appeal from the Huntington
Circuit Court

The Honorable Thomas Hakes,
Judge

Trial Court Cause No.
35C01-1602-TR-5

**Barnes, Judge.**

## Case Summary

[1] James Cramer appeals the trial court's grant of summary judgment to Robert Edwards, as personal representative of the Estate of Paul H. Cramer and Successor Trustee of the Paul H. Cramer Trust ("Edwards"). We affirm.

# Issue

Cramer raises two issues, which we consolidate and restate as whether the trial court properly found that the trustor failed to properly amend her trust.

# Facts

Deloris Brock had two children, Cramer and Paul Cramer. On February 15, 2002, Brock, as trustor, executed the Deloris I. Brock Living Trust Agreement ("Trust"). The Trust provided:

### ARTICLE FOUR

### AMENDMENT AND REVOCATION

**Section A. Trustor's Individual Addition Rights.** Trustor may, during Trustor's life, by signed instruments delivered to the Trustee, add Trustor's property to the Trust.

**Section B. Trustor's Rights of Amendment and Revocation.** During the life of the Trustor, the Trustor may alter, amend, or revoke this Trust Agreement, in whole or in part, at any time or from time to time by an instrument in writing (other than a will) signed and delivered to the Trustee; provided, however, that the duties, powers and responsibilities of the Trustee shall not be substantially altered or amended without its written consent. From and after the death of the Trustor all trusts created herein, and this Trust Agreement, shall be unamendable and irrevocable.

Appellant's App. Vol. II p. 17. Upon Brock's death, the Trust provided for distribution of the Trust assets as follows: (1) sixty percent to Paul Cramer, and (2) forty percent to James Cramer. The Trust also allowed the Trustee to

distribute Brock's "personal effects" as directed "by a separate written statement or list, prepared and signed by the Trustor for that purpose, to those persons name[d] therein." *Id.* at 18. The Trust defined "personal effects" as "family assets . . . of a personal or household nature, such as clothing, jewelry, furniture, glassware, silver, works of art, pets, cameras, appliances, consumer electronic items and collections." *Id.*

[4] On February 22, 2002, Brock conveyed, by warranty deed, her residence to the Trust. On May 12, 2002, Brock also executed a "Separate Writing to the Last Will and Testament of Deloris I. Brock and the Brock Revocable Living Trust U/D/T/ Dated 2-15-02" ("Separate Writing"). The one-page Separate Writing provided in full:

> This Separate Writing identifying and disposing of items of personal tangible property is made pursuant to the provisions of Article Three of my Last Will and Testament dated 2-15-02, and I hereby authorize and direct my Personal Representative to distribute my personal tangible property listed below as follows:

*Id.* at 120. The document then listed several handwritten items of personal property and their recipients. It also included the following: "House Lot #3" with recipients of "Paul H Cramer J.R. Cramer Right of survivor if not sold." *Id.*

[5] Brock died on September 14, 2013. A last will and testament was never located. Paul was appointed Trustee, but he died on November 11, 2014. Cramer was appointed the successor Trustee. Edwards was appointed as the

personal representative of Paul's Estate and as First Successor Trustee of the Paul H. Cramer Trust.

On February 29, 2016, Cramer filed a Petition to Docket Trust to Determine Interests of Beneficiaries. The petition noted that a dispute existed between Cramer and Edwards regarding the validity and construction of the Separate Writing. Cramer contended that the house should be distributed to him as "the survivor following" Paul's death. *Id.* at 11.

Edwards filed a motion for summary judgment arguing that the Separate Writing did "not operate to amend or alter the terms of the Trust" and that Paul's estate and trust were entitled to sixty percent of the value of Brock's real property. *Id.* at 84. In response, Cramer argued that the Separate Writing was an amendment to the Trust and that he was entitled to the real property due to the right of survivorship. After a hearing, the trial court granted Edwards's motion for summary judgment. Cramer now appeals.

## Analysis

The issue on appeal is whether the trial court correctly found that Brock failed to properly amend the Trust through the Separate Writing. Summary judgment is appropriate only when the moving party shows there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. *Schoettmer v. Wright*, 992 N.E.2d 702, 705 (Ind. 2013); *see also* T.R. 56(C). Once that showing is made, the burden shifts to the nonmoving party to rebut it. *Schoettmer*, 992 N.E.2d at 705-06. When ruling on the motion, the trial court

construes all evidence and resolves all doubts in favor of the nonmoving party. *Id.* at 706. We review the trial court's grant of summary judgment de novo, and we take "care to ensure that no party is denied his [or her] day in court." *Id.*

[9] Brock transferred the real property to the Trust in 2002, and under the Trust, it would be distributed as sixty percent to Paul and forty percent to Cramer. According to Cramer, Brock properly amended her Trust when she executed the Separate Writing, the language of the Separate Writing demonstrates that it was an amendment, and he was entitled to receive the property as the surviving joint tenancy beneficiary. The interpretation of a trust is a question of law for the court. *Univ. of S. Ind. Found. v. Baker*, 843 N.E.2d 528, 531 (Ind. 2006). The primary purpose in construing a trust instrument is to ascertain and give effect to the settlor's intention. *Id.* at 532. We are not "at liberty to rewrite the trust agreement any more than it is at liberty to rewrite contracts." *Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559, 565-66 (Ind. 1992).

[10] For two reasons, we conclude that the trial court properly granted Edwards's motion for summary judgment. First, Brock was permitted to amend the Trust if she did so in compliance with the Trust and Indiana Code Section 30-4-3-1.5. That statute provides in relevant part:

> (c)   The settlor may revoke or amend a revocable trust as follows:
>
> (1)   The settlor may comply with a method provided in the terms of the trust.

(2) If the terms of the trust do not provide a method or the terms of the trust provide a method that is not expressly made the exclusive method to revoke or amend the trust, the settlor may revoke or amend the trust by:

    (A) executing a later will or codicil that:

        (i) expressly refers to the trust; or

        (ii) specifically devises property that would otherwise have passed according to the terms of the trust; or

    (B) any other method that:

        (i) is in writing; and

        (ii) manifests clear and convincing evidence of the settlor's intent.

Ind. Code § 30-4-3-1.5(c).

The Trust provided that the Trustor could amend the Trust, "in whole or in part, at any time or from time to time by an instrument in writing (other than a will) signed and delivered to the Trustee . . . ." Appellant's App. Vol. II p. 17. Other than requiring the amendment to be in writing, the Trust did not require a specific method for amending the Trust. Under Indiana Code Section 30-4-3-

1.5(c)(2)(B), the amendment was required to "manifest[] clear and convincing evidence of the settlor's intent" to amend.

[12] Here, the Separate Writing only mentioned the Trust in the heading. The actual text of the Separate Writing did not mention the Trust, amending the Trust in any way, or the Trustee. In fact, the text only specifically mentions the disposal of personal tangible property under the provisions of Brock's Last Will and Testament and authorizes her personal representative to distribute such property. The Separate Writing simply did not demonstrate clear and convincing evidence that Brock intended to amend the Trust.

[13] Second, we note that the Trust allowed the Trustee to distribute Brock's "personal effects" as directed "by a separate written statement or list, prepared and signed by the Trustor for that purpose, to those persons name[d] therein." Appellant's App. Vol. II p. 18. However, Indiana Code Section 30-4-2.1-11 governs such written statements and provides:

> (a) A written statement or list that:
>
> (1) complies with this section; and
>
> (2) is referred to in a settlor's trust that was revocable during the settlor's lifetime;
>
> may be used to dispose of items of tangible personal property, other than property used in a trade or business, not otherwise specifically disposed of by the trust.

(b)     To be admissible under this section as evidence of the intended disposition, the writing must be signed by the settlor and must describe the items and the beneficiaries with reasonable certainty. The writing may be prepared before or after the execution of the trust. The writing may be altered by the settlor after the writing is prepared. The writing may have no significance apart from the writing's effect on the dispositions made by the trust.

(c)     If more than one (1) otherwise effective writing exists, then, to the extent of a conflict among the writings, the provisions of the most recent writing revoke the inconsistent provisions of each earlier writing.

[14]     We addressed this statute in *Turner v. Kent*, 15 N.E.3d 67, 71 (Ind. Ct. App. 2014), *trans. denied*, and held:

The plain language of Indiana Code section 30-4-2.1-11(a)(2) permits a trust's incorporation by reference of specific gifts of "tangible personal property." Because the statute does not expressly permit specific gifts of real property, we conclude that they are prohibited. This conclusion finds support in the General Assembly's enumeration of "real property" in other provisions of the Trust Code. *See* Ind. Code § 30-4-2-1, (providing specifically for "real or personal property"); Ind. Code 30-4-3.5-2(c)(4) (providing specifically for "tangible and intangible personal property, and real property"); *see also* Ind. Code § 30-4-3-1.5 (providing generally for "trust property" and "property").

Consequently, such written statements cannot be used to gift real property. Even if Brock's Separate Writing was intended as an amendment to the Trust,

she could not use the Separate Writing to gift her real property.[1]  The real property must be distributed to the Trust beneficiaries as directed in the Trust. The trial court properly granted Edwards's motion for summary judgment.

# Conclusion

The trial court properly granted Edwards's motion for summary judgment.  We affirm.

Affirmed.

Najam, J., and Mathias, J., concur.

---

[1] Cramer attempts to distinguish *Turner* because that case involved an "incorporation by reference" rather than an amendment.  However, Indiana Code Section 30-4-2.1-11 applies to any such writings, not just documents incorporated by reference.  We find *Turner* persuasive here.