

IN THE

# Court of Appeals of Indiana

Matthew D. Coonce,

*Appellant-Defendant*



FILED

Jul 29 2024, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

State of Indiana,

*Appellee-Plaintiff*



July 29, 2024

Court of Appeals Case No.
23A-CR-1920

Appeal from the Elkhart Superior Court

The Honorable Christopher J. Spataro, Judge

Trial Court Cause No.
20D05-2212-F6-1503

**Opinion by Judge Kenworthy**
Judges May and Vaidik concur.

**Kenworthy, Judge.**

## Case Summary

Following his conviction for operating a vehicle while intoxicated ("OWI"), Matthew D. Coonce appeals the jury's finding that he is a habitual vehicular substance offender ("HVSO"). He contends his prior unrelated vehicular substance offense ("VSO") convictions do not meet the statutory requirements to support an HVSO enhancement because his three prior VSOs were not all felony convictions. Under our interpretation of the HVSO statute, prior unrelated VSOs used to support an HVSO enhancement may be either felony or misdemeanor convictions. Accordingly, we affirm the jury's finding Coonce is an HVSO and the trial court's imposition of a sentence enhancement.

## Facts and Procedural History

In the evening of December 4, 2022, Officer Chris Waddell of the Nappanee Police Department observed Coonce drive a white Chevy SUV out of a bar parking lot. Officer Waddell followed in his police cruiser. After Coonce began speeding and failed to properly signal a turn, Officer Waddell activated his lights to initiate a traffic stop. Coonce accelerated and fled, eventually losing control of his car, skating across traffic lanes, and crashing into a large cement flowerpot, where his car got stuck. When Coonce emerged from his car, he smelled strongly of alcohol, slurred his words, and was unsteady on his feet. Officer Waddell arrested Coonce for driving while intoxicated. During the arrest, Coonce made threatening statements to the officer.

[3]    The State charged Coonce with Level 6 felony resisting law enforcement, Level 6 felony intimidation, and Class A misdemeanor OWI endangering a person. The State also alleged Coonce was an HVSO and sought a sentencing enhancement on the OWI charge. A person is an HVSO if "the person has accumulated three (3) or more prior unrelated vehicular substance offense convictions at any time[.]" Ind. Code § 9-30-15.5-2(c) (2015). A "vehicular substance offense" is "any misdemeanor or felony in which operation of a vehicle while intoxicated . . . is a material element" and includes "an offense under IC 9-30-5" (OWI offenses). I.C. § 9-30-15.5-1 (2016).

[4]    The case proceeded to a two-part jury trial. At the end of phase one, the jury returned guilty verdicts for resisting law enforcement and OWI endangering a person. It found Coonce not guilty of intimidation.

[5]    In phase two, the State presented a certified copy of Coonce's official Indiana driver record, which showed Coonce was previously convicted of the following VSOs: (1) Class C misdemeanor OWI in 2011,[1] (2) Class D felony OWI in 2004,[2] and (3) Class D felony OWI in 1999.[3] On cross-examination, Coonce questioned the State's witness as to whether the prior VSOs were all felonies. The State objected, arguing such questions were irrelevant. Coonce then argued the three prior unrelated VSOs must all be felonies when the State seeks

---

[1] *See* trial court cause number 02D04-1101-CM-224, decided April 29, 2011, in Allen County.

[2] *See* trial court cause number 02C01-0304-FD-183, decided June 17, 2004, in Allen County.

[3] *See* trial court cause number 49F18-9904-DF-62575, decided July 8, 1999, in Marion County.

to prove an HVSO enhancement because one subsection of the HVSO statute uses the word "felonies." *See* I.C. § 9-30-15.5-2(b)(3). After hearing the parties' arguments, the trial court determined the three prior unrelated VSOs need not be felonies under the statutory language.

[6] At the end of phase two, the jury found Coonce was an HVSO. The trial court sentenced Coonce to concurrent terms of (1) 900 days for resisting law enforcement, and (2) 360 days for OWI, enhanced by 540 days for being an HVSO, for a total of 900 days, all executed in the Indiana Department of Correction.

## Prior unrelated VSOs may be either misdemeanors or felonies.

[7] Coonce argues the plain language of the HVSO statute requires all three prior unrelated VSO convictions to be felonies when the State uses three convictions to support an HVSO enhancement. Coonce thus presents us with an issue of statutory interpretation.

[8] We review issues of statutory interpretation *de novo* because they are pure questions of law. *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010). "The primary purpose in statutory interpretation is to ascertain and give effect to the legislature's intent." *State v. Oddi-Smith*, 878 N.E.2d 1245, 1248 (Ind. 2008). The best evidence of legislative intent is the language of the statute itself, and we give the words used their plain and ordinary meaning. *Id*. We examine the statute as a whole and avoid "excessive reliance upon a strict literal meaning or the selective reading of individual words." *Id*. We presume "the legislature

intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Id.*

[9] The HVSO statute—Indiana Code Chapter 9-30-15.5—consists of two sections. The first section contains only the VSO definition:

> As used in this chapter, "vehicular substance offense" means any misdemeanor or felony in which operation of a vehicle while intoxicated, operation of a vehicle in excess of the statutory limit for alcohol, or operation of a vehicle with a controlled substance or its metabolite in the person's body, is a material element. The term includes an offense under IC 9-30-5, IC 9-24-6-15 (before its repeal), IC 9-24-6.1-7, and IC 9-11-2 (before its repeal).

I.C. § 9-30-15.5-1.

[10] The second section focuses on the elements and procedures used to support an HVSO finding. *See* I.C. § 9-30-15.5-2.[4] Subsection (a) prescribes the circumstances under which the State may seek an HVSO sentencing enhancement and the contents of the charging instrument:

> (a) The state may seek to have a person sentenced as a habitual vehicular substance offender for any vehicular substance offense by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) or three (3) prior unrelated vehicular substance offense convictions. If the state alleges only two (2) prior unrelated vehicular substance

---

[4] Of the five subsections, only (a), (b), and (c) are relevant here. The sentencing range for an HVSO enhancement, I.C. § 9-30-15.5-2(d), and the requirement HVSO allegations be filed in a circuit or superior court, I.C. § 9-30-15.5-2(e), are not at issue.

offense convictions, the allegation must include that at least one (1) of the prior unrelated vehicular substance offense convictions occurred within the ten (10) years before the date of the current offense.

I.C. § 9-30-15.5-2(a). In subsection (c), the legislature sets forth the elements the jury or court must find to establish a person is an HVSO and the burden of proof:

> (c) A person is a habitual vehicular substance offender if the jury (if the hearing is by jury) or the court (if the hearing is to the court alone) finds that the state has proved beyond a reasonable doubt that the person has accumulated three (3) or more prior unrelated vehicular substance offense convictions at any time, or two (2) prior unrelated vehicular substance offense convictions, with at least one (1) of the prior unrelated vehicular substance offense convictions occurring within ten (10) years of the date of the occurrence of the current offense.

I.C. § 9-30-15.5-2(c).

[11] Subsections (a) and (c) are harmonious. They each describe the two paths by which a person may be found an HVSO: either (1) by committing a third VSO within ten years of committing one of two prior unrelated VSOs, or (2) by committing a fourth VSO with three prior unrelated VSOs at any time. Under the statutory definition of VSO, prior unrelated offenses used to support an HVSO enhancement may be either misdemeanor or felony impaired driving

offenses.[5] I.C. § 9-30-15.5-1. The definition includes "an offense under IC 9-30-5" (OWI offenses), *id.*, which may be a misdemeanor or felony, depending on the circumstances, *see* I.C. §§ 9-30-5-1 to -5. Nothing in subsections (a) and (c) or in the definition of VSO limits the prior unrelated offenses to felony convictions. Under the plain and ordinary meaning of the statutory language, Coonce's prior unrelated OWI convictions—one misdemeanor and two felonies—support the jury's finding he is an HVSO.

[12] Yet Coonce draws our attention to subsection (b), arguing it adds elements the State must prove to support the HVSO enhancement. Subsection (b) provides, in full:

> (b) For purposes of subsection (a), a person has accumulated two (2) or three (3) prior unrelated vehicular substance offense convictions only if:
>
>> (1) the second prior unrelated vehicular substance offense conviction was committed after commission of and sentencing for the first prior unrelated vehicular substance offense conviction;
>>
>> (2) the offense for which the state seeks to have the person sentenced as a habitual vehicular substance offender was committed after commission of and sentencing for the second prior unrelated vehicular substance offense conviction; and

---

[5] Coonce does not dispute his prior offenses are VSOs.

> (3) for a conviction requiring proof of three (3) prior
> unrelated vehicular substance offense *felonies*, the third
> prior unrelated vehicular substance offense conviction was
> committed after commission of and sentencing for the
> second prior unrelated vehicular substance offense
> conviction.
>
> However, a conviction does not count for purposes of subsection
> (a) if it has been set aside or it is a conviction for which the
> person has been pardoned.

I.C. § 9-30-15.5-2(b) (emphasis added). Coonce contends the word "felonies" in the introductory clause of subsection (b)(3) means the convictions must all be felonies when the State seeks an HVSO enhancement based on three prior unrelated VSO convictions. In other words, he argues "the statute requires three felonies when the State is proving three [VSOs] over any time period but only requires misdemeanors if the State is proving two convictions within 10 years." *Appellant's Br.* at 14.

[13] Our rules of statutory interpretation lead us to a different conclusion. Here, the legislature provided a precise definition of VSO, which includes "any misdemeanor or felony" OWI. I.C. § 9-30-15.5-1. "When the General Assembly has defined a statutory term, we are bound by its definition." *WTHR-TV v. Hamilton Se. Schs.*, 178 N.E.3d 1187, 1191 (Ind. 2022). The defined term "vehicular substance offense" appears fourteen times in the HVSO statute, typically followed by the word "conviction." Substituting the definition for the defined term produces a logical reading of the statute in all but one instance. For example, when substituted into subsection (c), it would read: "A

person is a habitual vehicular substance offender if the jury . . . finds . . . the person has accumulated three (3) or more prior unrelated [misdemeanor or felony . . . OWI] convictions at any time[.]" This is precisely what the jury found in Coonce's case.

[14] But if substituted into the introductory clause of subsection (b)(3), the clause would read "for a conviction requiring proof of three (3) prior unrelated [misdemeanor or felony . . . OWI] felonies." When substituted here, the definition produces a nonsensical and contradictory result: there are no "misdemeanor felonies" and "felony felonies" is redundant. When engaging in statutory interpretation, we "'avoid interpretations that depend on selective reading of individual words that lead to irrational and disharmonizing results.'" *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016) (quoting *West v. Off. of Ind. Sec'y of State*, 54 N.E.3d 349, 355 (Ind. 2016)). As such, we conclude the use of the word "felonies" in the introductory clause of subsection (b)(3) is an anomaly and an error.

[15] There are reasons beyond grammar to support our interpretation. The HVSO statute is an example of a "specialized habitual offender statute," under which a person convicted of closely related offenses on separate occasions may be sentenced to an additional term beyond that normally imposed for that type of offense. *See State v. Downey*, 770 N.E.2d 794, 795–96 (Ind. 2002) (describing the three types of statutes that impose more severe sentences on individuals proven to be habitual offenders). Within the HVSO statutory scheme, subsection (b) establishes the circumstances under which multiple VSO convictions are "prior

unrelated" convictions. I.C. § 9-30-15.5-2(b). Subsection (b) states a "prior unrelated" conviction is "committed after commission of and sentencing for" another offense, thus describing a progression of offenses that occur separately and over time. *Id.* When we consider "the structure of the statute as a whole," *ESPN*, 62 N.E.3d at 1195, and apply the statutory language "in a logical manner consistent with the statute's underlying policy and goals," *Oddi-Smith*, 878 N.E.2d at 1248, it is apparent subsection (b) was not intended to add elements that must be proven to support an HVSO enhancement. It merely describes what counts as "prior unrelated," that is, habitual.

[16] Still, Coonce argues his interpretation "makes sense" because "the statute requires more serious offenses if the look-back period is longer and less serious offenses if the look-back period is shorter." *Appellant's Br.* at 14. In other words, a person can be an HVSO "if they have convictions more than 10 years old[,] but because of the extended look-back period, the legislature chose to require the offenses to be more numerous (three as opposed to two) and more serious (felonies as opposed to misdemeanors)." *Id.* at 17.

[17] Coonce is partially correct. The statute requires more offenses (three) to establish a pattern of habitual conduct if the offenses are older. But if the statute *also* required the older offenses to be more serious, as Coonce suggests, an individual with three misdemeanor drunk driving convictions would not be a habitual offender. Nor would someone like Coonce, who has a combination of older misdemeanor and felony OWI convictions. That result would be inconsistent with the purpose of a specialized habitual offender statute, which

our legislature designed to provide enhanced sentencing for offenders who demonstrate a pattern of recidivism. *See Downey*, 770 N.E.2d at 795–96. It is the repetition, not the seriousness, of the offenses that establishes the habit. This is especially true in the context of HVSOs, because typically OWI is a Class A or Class C misdemeanor offense, unless aggravating circumstances are present. *See* I.C. §§ 9-30-5-1 to -5. Coonce's interpretation would undercut the policy of this State to provide enhanced sentences for recidivist drunk drivers.

[18] In sum, the introductory clause of subsection (b)(3) does not require the three prior unrelated VSO convictions to be felonies to support an HVSO enhancement. Prior unrelated VSO convictions used to support an HVSO enhancement may be either misdemeanor or felony convictions. The jury properly relied on Coonce's prior unrelated VSO convictions when it determined he was an HVSO.[6]

---

[6] Because we hold the trial court's interpretation of the HVSO statute was not erroneous, we need not address Coonce's arguments the trial court (1) erroneously overruled his jury instruction objection, and (2) improperly denied him the opportunity to argue his interpretation during closing arguments. An attorney has no right to argue an incorrect statement of law to a jury. *See Castillo v. State*, 974 N.E.2d 458, 468–69 (Ind. 2012) (stating an attorney "has a duty to truthfully represent the law and facts of a case to the jury") (citing Ind. Professional Conduct R. 3.3(a)(1)); *Cooper v. State*, 854 N.E.2d 831, 841 (Ind. 2006) (observing a prosecutor's misstatement of law may be considered misconduct) (citing *Turner v. State*, 650 N.E.2d 705, 711 (Ind. Ct. App. 1995), *trans. denied*). And when an appellant challenges the trial court's decision to give or refuse to give a party's tendered jury instruction on the basis the instruction is an incorrect statement of law, we review the trial court's interpretation of the law *de novo*, as we have already done. *Kane v. State*, 976 N.E.2d 1228, 1231 (Ind. 2012).

## Conclusion

Coonce's prior VSO convictions support the jury's finding he is an HVSO, and the jury's finding supports Coonce's enhanced sentence.

Affirmed.

May, J., and Vaidik, J., concur.

ATTORNEY FOR APPELLANT

Spenser G. Benge
The Law Office of Spenser G. Benge
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana